472 So.2d 730 (1985)
STATE of Florida, Petitioner
v.
Levi WHITEHEAD, Respondent.
No. 65492.
Supreme Court of Florida.
July 3, 1985.
*731 Jim Smith, Atty. Gen. and Michael J. Neimand, Asst. Atty. Gen., Miami, for petitioner.
No appearance for respondent.
EHRLICH, Justice.
This case is before us to review a decision of a district court of appeal, Whitehead v. State, 450 So.2d 545 (Fla. 3d DCA 1984), which expressly conflicts with Strickland v. State, 437 So.2d 150 (Fla. 1983). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
In the case at hand, defendant was convicted of second-degree murder with a firearm. He was sentenced to fifteen years subject to a three-year mandatory minimum term pursuant to section 775.087(2), Florida Statutes (1981).[1] This judgment was affirmed. The state contended by cross appeal that since a firearm was involved, the second-degree murder conviction is reclassified by section 775.087(1)(a), Florida Statutes, (1981)[2] from a first-degree felony pursuant to section 782.04(2), Florida Statutes (1981), to a life felony, punishable by no less than thirty years. Section 775.082(3)(a), Fla. Stat. (1981). The district court held that this would constitute a double enhancement and is not statutorily permissible. We disagree.
In Strickland, the defendant was found guilty of attempted first-degree murder with a firearm. He was sentenced to life imprisonment, with a three-year minimum mandatory sentence. We held that pursuant to section 775.087(1), a first-degree felony shall be reclassified to a life felony if a *732 weapon or firearm is used as long as the weapon or firearm is not an essential element of the charged crime. Because use of a weapon or firearm is not an essential element of the crime of attempted first-degree murder, defendant's sentence was properly reclassified to a life felony. We thus upheld the sentencing enhancement, even when the three-year minimum mandatory had been imposed.
More recently in Miller v. State, 460 So.2d 373 (Fla. 1984), this Court upheld the reclassification provision of section 775.087(1), where the defendant was not convicted of the offense charged in the information or indictment but was convicted of a lesser included offense under circumstances where the minimum mandatory sentence of three years was also imposed.
There is nothing in the statute to indicate that the legislature intended that subsections (1) and (2) be mutually exclusive. Section 775.087(1) provides that when a person commits a felony with a firearm (except those in which use of a weapon or firearm is an essential element), his sentence is to be reclassified one category higher. Section 775.087(2) provides that people who commit certain enumerated crimes with a firearm are required to serve three years before becoming eligible for parole.
Different purposes are being served by the two subsections. As Judge Pearson pointed out in his dissent, the purpose of subsection (1) is to increase the severity of the punishment when a defendant chooses to use a firearm in committing the felony. The purpose of subsection (2) is to ensure that the defendant will serve at least three years of his sentence, whatever its length, before being considered for parole if he uses a firearm in committing one of the listed felonies. See Perez v. State, 431 So.2d 274 (Fla. 5th DCA 1983); Aikens v. State, 423 So.2d 593 (Fla. 1st DCA 1982); Blanton v. State, 388 So.2d 1271 (Fla. 4th DCA 1980).
Another indication that the statutes are not mutually exclusive is shown by the fact that subsections (1) and (2) are not necessarily dealing with the same crimes. Subsection (1) covers all felonies while subsection (2) lists specific crimes to which the three year minimum mandatory applies.
This would indicate that the subsections were drafted to serve separate functions in deterring and punishing both the presence of firearms during the commission of felonies in general and the use of firearms at certain felonies.
Brown v. State, 460 So.2d 546, 547 (Fla. 1st DCA 1984).
Determination of punishment for crimes is a legislative matter. Because the legislature has provided both these subsections, both are to be followed. Absent an indication from the legislature that these subsections are an either/or proposition, both subsections will be followed.
Accordingly, we approve the district court of appeal's decision affirming Whitehead's conviction for second-degree murder, but we quash its holding that subsections 775.087(1) and (2) are mutually exclusive. The case is remanded to the circuit court for further proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.
NOTES
[1] In pertinent part the statute provides that:

(2) Any person who is convicted of:
(a) Any murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes; ...
and who had in his possession a "firearm" as defined in subsection 790.001(6), or "destructive device," as defined in subsection 790.001(4), shall be sentenced to a minimum term of imprisonment of 3 calendar years. Notwithstanding the provisions of section 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall the defendant be eligible for parole, prior to serving such minimum sentence.
[2] (1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, felony for which the person is charged shall be reclassified as follows:

(a) In the case of a felony of the first-degree, to a life felony.
(b) In the case of a felony of the second-degree, to a felony of the first-degree.
(c) In the case of a felony of the third-degree, to a felony of the second-degree.