625 So.2d 915 (1993)
Glenn EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3991.
District Court of Appeal of Florida, First District.
October 15, 1993.
Nancy A. Daniels, Public Defender, and Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
ALLEN, Judge.
Glenn Evans, Jr. appeals from convictions and sentences arising out of armed robberies and a high speed chase with law enforcement officers in Gainesville. He raises four issues on appeal: (1) whether the jury should have been instructed that knowledge that the victim is a law enforcement officer is an element of the offense of attempted murder of a law enforcement officer; (2) whether sentencing the appellant as a habitual felony offender *916 for the offenses of aggravated assault on law enforcement officers violates double jeopardy; (3) whether the trial court erred in imposing a twenty-five year minimum mandatory sentence for robbery with a firearm; and (4) whether the habitual felony offender statute violates equal protection, due process or the doctrine of separation of powers. We affirm on issues 1, 2, and 4, but, on issue 3, we vacate that part of the written sentencing order imposing a twenty-five year minimum mandatory sentence for robbery with a firearm.
On the first issue, the appellant argues that his knowledge that the victim was a law enforcement officer is an element of the crime of attempted murder of a law enforcement officer, and that the jury was never instructed on that element. Although the State correctly points out that this argument was never raised below, the appellant asserts the omitted jury instruction constitutes fundamental error.
In State v. Delva, 575 So.2d 643, 645 (Fla. 1991), the supreme court held that "[f]ailing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal." There is no indication in the record before us that the appellant did not know that he was shooting at a law enforcement officer. Accordingly, any error as to this issue is not fundamental.
Moreover, we have already rejected appellant's argument on the merits. In Carpentier v. State, 587 So.2d 1355 (Fla. 1st DCA 1991), rev. denied, 599 So.2d 654 (Fla. 1992), we held that section 784.07(3), Florida Statutes (1989), does not require that the defendant have knowledge that the victim was a law enforcement officer when the defendant is charged with attempted murder of a law enforcement officer engaged in the lawful performance of his duty. This is the exact offense with which the appellant was charged.
On the second issue, the appellant argues that his sentences for four counts of aggravated assault on a law enforcement officer were unconstitutionally enhanced twice: first, under section 784.07(2)(c), Florida Statutes (1989), the crimes were reclassified from third-degree to second-degree felonies because the victims were law enforcement officers; and second, an enhancement occurred when appellant was sentenced as a habitual felony offender under section 775.084, Florida Statutes (1989). The supreme court recently decided a similar issue in Gayman v. State, 616 So.2d 17 (Fla. 1993), in which it held no double jeopardy violation occurred when Gayman's third petit theft conviction was reclassified as a felony pursuant to section 812.014(2)(d), Florida Statutes (1989), and then he was sentenced as a habitual felony offender. The court reasoned that section 812.014(2)(d) created a separate substantive offense, rather than merely enhancing the penalty, and thus Gayman's sentence was not enhanced twice. Id. at 19. We find the same reasoning applicable in this case. Although the appellant contends that section 784.07(2)(c) merely enhances the penalty for aggravated assault, the statute actually creates a separate substantive offense consisting of the elements of aggravated assault plus the added elements that the victim was a law enforcement officer engaged in the lawful performance of his duties and that the defendant knew the victim was a law enforcement officer. The substantive offense is therefore only enhanced once under the habitual offender statute, and no double jeopardy violation occurs.
On the third issue, the appellant contends that he was illegally sentenced to a minimum mandatory term of twenty-five years for armed robbery. The appellee concedes that this minimum mandatory is not authorized. The record reveals that the trial judge at sentencing orally announced his intention to sentence the appellant to the three-year minimum term authorized by section 775.087(2), Florida Statutes (1989). Because the written sentence deviates from the judge's oral pronouncement, we remand to the trial court for correction of the written sentence. See, e.g., Mondello v. State, 599 So.2d 777 (Fla. 1st DCA 1992); Brown v. State, 599 So.2d 225 (Fla. 1st DCA 1992); Timmons v. State, 453 So.2d 143 (Fla. 1st DCA 1984).
*917 On the fourth and final issue, the appellant's due process and equal protection challenges to the habitual felony offender statute have been rejected by the supreme court in Ross v. State, 601 So.2d 1190 (Fla. 1992). Although the supreme court has not yet addressed the separation of powers argument, we have previously rejected such a challenge, and we decline to certify the question. London v. State, 623 So.2d 527 (Fla. 1st DCA 1993).
We vacate that part of the written sentencing order imposing a twenty-five year minimum mandatory sentence for armed robbery in Case No. 91-853-CF, and we remand for correction to reflect the trial judge's oral pronouncement of the statutorily authorized minimum mandatory term of three years. The judgments and sentences are otherwise affirmed.
ERVIN and LAWRENCE, JJ., concur.