QUINCE, Judge.
The appellant, James L. Light, raises two points on appeal. We find merit only in his contention that the court erred in enhancing his sentence for aggravated assault. Therefore, we reverse solely for resentencing on this offense.
The appellant was convicted on various charges, including aggravated assault on a law enforcement officer with a firearm in violation of section 784.07(2)(c), Florida Statutes (1993). Under this statute, aggravated assault, a third-degree felony, is enhanced to a second-degree felony. The trial court additionally enhanced the conviction to a first-degree felony because the offense was committed with a firearm.
An offense cannot be enhanced for committing the offense with a firearm if a firearm is an essential element of the charge. Rodriguez v. State, 650 So.2d 1111 (Fla. 2d DCA 1995). Since using a firearm was an essential element of the offense, the trial court erred in enhancing the offense to a first-degree felony. We reverse and remand for resentencing.
SCHOONOVER, A.C.J., and PATTERSON, J., concur.