On Motion to Stay Mandate

PER CURIAM.
The state has filed a notice under rule 9.120 invoking the discretionary jurisdiction of the supreme court to review our decision in this case. Oliveira v. State, 751 So.2d 611 (Fla. 4th DCA 1999). We now have a motion to stay mandate.
The Committee Notes to rule 9.120 have the following to say about motions to stay mandate pending consideration of whether to accept jurisdiction:
“The advisory committee was of the view that the district courts should permit such stays only when essential. Factors to be considered are the likelihood that jurisdiction will be accepted by the supreme court, the likelihood of ultimate success on the merits, the likelihood of harm if no stay is granted, and the remediable quality of any such harm.”
It seems to us that the state’s motion fails on the first two factors, the likelihood that the supreme court will accept jurisdiction and of ultimate success on the merits.
To do so the court would have to find a conflict between our decision and that of another appellate court. The state cites Evans v. State, 625 So.2d 915 (Fla. 1st DCA 1993), to show a conflict. Evans held, among other things, that:
“Although the appellant contends that section 784.07(2)(e) merely enhances the penalty for aggravated assault, the statute actually creates a separate substantive offense consisting of the elements of aggravated assault plus the added elements that the victim was a law enforcement officer engaged in the lawful performance of his duties and that the defendant knew the victim was a law enforcement officer. The substantive offense is therefore only enhanced once under the habitual offender statute, and no double jeopardy violation occurs.”
625 So.2d at 916.
In the later decision of Merritt v. State, 712 So.2d 384 (Fla.1998), however, the supreme court disagreed with that conclusion and held that:
“Section 784.07 ... is an enhancement statute rather than a statute creating and defining any criminal offense. The plain language of the statute indicates that the legislature enacted section 784.07 in order to increase the penalties for the enumerated crimes of assault, aggravated assault, battery, and aggra *92 vated battery for offenders who commit these crimes upon law enforcement officers.”
712 So.2d at 385.
Consequently we conclude that the supreme court is unlikely to find conflict with Evans because it has been effectively disapproved in Merritt. The state has not shown a likelihood that the court will accept jurisdiction or of ultimate success on the merits. Therefore we deny the stay.
GUNTHER, FARMER and KLEIN, JJ., concur.