763 So.2d 546 (2000)
Carlos K. KING, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-2666.
District Court of Appeal of Florida, Fifth District.
July 28, 2000.
James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, and Joseph W. *547 DuRocher, Public Defender, and Don Waggoner, Assistant Public Defender, Kissimmee, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
DAUKSCH, J.
This is an appeal from convictions for battery on a law enforcement officer, resisting an officer with violence and resisting an officer without violence.
We write in order to discuss a sentencing issue raised by appellant. He asserts, implicitly, that it was a violation of his constitutional double jeopardy rights for the judge to have enhanced his sentence for battery on a law enforcement officer. The enhancement was imposed because appellant is an habitual felony offender. § 775.084, Fla. Stat. (1997). Appellant cites Oliveira v. State, 751 So.2d 611 (Fla. 4th DCA 1999) as authority for his claim of error and he is correct in his assertion that it is directly on point. We disagree with the rationale in Oliveira and certify conflict with the decision.
Oliveira holds that because the crime of Battery on a Law Enforcement Officer is an enhancement of the crime of Battery that it is wrong to impose an enhancement again by increasing the sentence because he is a repeat offender. The case cites Merritt v. State, 712 So.2d 384 (Fla.1998), where our supreme court did say "Section 784.07, Florida Statutes (1995) is an enhancement statute rather than a statute creating and defining any criminal offense." This statement by the supreme court should be adhered to by the lower courts. There is a logical argument to be made that battery on a law enforcement officer is a separate crime from battery but that argument will be better made by others in another day.
Where we depart from the Oliveira decision is in considering section 775.084. That statute was enacted to cause persons who are repeat offenders to be treated differently from those who are not. The statute defines who should be sentenced as an habitual felony offender, an habitual violent felony offender, or a violent career criminal and allows the court to "impose an extended term of imprisonment." Without question this statute seems to use "enhancement" language but the statute also can be interpreted as defining the status of the defendant not at all unlike the felony petit theft defendant. In Gayman v. State, 616 So.2d 17 (Fla.1993),[1] our supreme court recognized that one who is found guilty by a jury of petit theft, and is also found to have been at least twice before convicted of petit theft, is guilty of a felony and the punishment may be further enhanced by a habitual felony offender statute where appropriate. It is our determination to analogize the felony petit theft statute, section 812.014(3)(c), with section 775.084 because a similar procedure is used in classifying and sentencing the felony petit theft defendant as is used in classifying and sentencing the repeat offender sentenced pursuant to section 775.084. If a person steals $5.00 he is guilty of petit theft (misdemeanor) and if it is proven that the person committed theft at least twice before, it is a felony and then can even be habitualized says our supreme court. It logically follows that if a person commits a battery (misdemeanor) and the victim is a law enforcement officer it is a felony and he gets a greater sentence. But if that defendant is a repeat offender, then he, like the repeated thief, is a person to be treated differently on account of his past behavior and is subject to receive different, more severe, treatment. We believe that it is the intent of the legislature to impose the harsher treatment on this appellant and others like situated and that *548 it does not work an unconstitutional double punishment to do so.
AFFIRMED.
PETERSON, J., concurs.
GRIFFIN, J., concurs, without participation at oral argument.
NOTES
[1] We note that the holding of Gayman has been superseded by statute, see Wilson v. State, 752 So.2d 1227 (Fla. 5th DCA 2000), but that does not preclude using Gayman as we do here.