772 So.2d 38 (2000)
Cedrick E. SPANN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3811.
District Court of Appeal of Florida, Fourth District.
September 27, 2000.
*39 Richard L. Jorandby, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melanie Ann Dale, Assistant Attorney General, West Palm Beach, for appellee.
EN BANC
KLEIN, J.
Appellant was convicted of battery on a law enforcement officer and challenges his sentence as a prison releasee reoffender, arguing that there was a double enhancement of his penalty and that under Oliveira v. State, 751 So.2d 611 (Fla. 4th DCA 1999), this constituted double jeopardy. We now recognize that we were wrong in Oliveira and recede from that opinion.
In Oliveira the defendant was also convicted of battery on a law enforcement officer. Section 784.07, Florida Statutes (1997), enhances the offense of battery, which is normally a misdemeanor, to a third degree felony, where it is committed on certain persons including law enforcement officers. Defendant's sentence was also enhanced under the habitual felony offender statute, and we held that this was a double enhancement which is barred by double jeopardy. As authority for that conclusion we cited Gayman v. State, 616 So.2d 17 (Fla.1993), but we now recognize that Gayman does not support that conclusion.
In Gayman, the defendant was convicted of petit theft, which was reclassified from a misdemeanor to a felony because he had two prior convictions of petit theft. Felony petit theft was subject to a maximum sentence of five years. He was then sentenced as a habitual offender, exposing him to a greater sentence than could have been imposed for felony petit theft. Gayman argued that the two enhancements violated double jeopardy; however, the supreme court rejected that argument. Gayman does not support our conclusion in Oliveira that a double enhancement is prohibited, and we have found no other authority which does support it.
In State v. Whitehead, 472 So.2d 730, 732 (Fla.1985), the defendant was convicted of second degree murder with a firearm. Section 775.087(1) provided that when a person commits a felony with a firearm the sentence is to be reclassified one category higher. Section 775.087(2) provided that people who commit specified crimes with a firearm are required to serve three years before becoming eligible for parole. In holding that applying both of these statutes was not an improper double enhancement, the court explained:
Determination of punishment for crimes is a legislative matter. Because the legislature has provided both these subsections, both are to be followed. Absent an indication from the legislature that these subsections are an either/or proposition, both subsections will be followed.
Whitehead was consistent with Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535, 542 (1983), in which the United States Supreme Court wrote: "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." State v. Smith, 547 So.2d 613, 614 (Fla.1989)(quoting Hunter).
In the present case, the legislature made battery, which is ordinarily a misdemeanor, a third degree felony when the victim is a law enforcement officer. § 784.07(2)(b). In section 775.082(8)(a)1.o, the legislature authorized increased sentences for defendants who qualify as prison releasee reoffenders and have committed certain felonies. Absent an ambiguity, and there is none here, the imposition of one sentence under the Prison Releasee Reoffender Act is not improper, and we recede from Oliveira.
Appellant also attacks the constitutionality of section 775.082(8)(a)1. We affirm based on State v. Cotton, 769 So.2d 345 *40 (Fla.2000) and Rollinson v. State, 743 So.2d 585 (Fla. 4th DCA 1999), rev. granted, No. SC96713, 761 So.2d 331 (Fla. Apr.12, 2000) (Table).
Affirmed.
WARNER, C.J., DELL, GUNTHER, STONE, POLEN, STEVENSON, SHAHOOD, GROSS, TAYLOR and HAZOURI, JJ., concur.
FARMER, J., concurring specially with opinion.
FARMER, J., concurring.
While I concur in the court's decision today, I emphasize that Spann's challenge to his sentence would still be permissible under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The fact that the victim of his battery was a law enforcement officer was submitted to the jury, not independently determined by the sentencing judge. The habitual felony offender issue relates to his prior criminal history of convictions and is therefore properly determined by the judge. See Jones v. United States, 526 U.S. 227, 243 n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) ("[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) [emphasis supplied] that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.").