773 So.2d 650 (2000)
Gayson J. MILLS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-2159.
District Court of Appeal of Florida, First District.
December 20, 2000.
Nancy A. Daniels, Public Defender; Joel Arnold, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; Laura Fullerton Lopez, Assistant Attorney General, Tallahassee, for appellee.
WOLF, J.
Appellant raises three issues on appeal, only one of which requires discussion. We affirm as to the first and second issues without further comment. As to issue three, appellant argues that the trial court abused its discretion and committed fundamental error by sentencing appellant as a habitual felony offender, thus imposing an impermissible double enhancement. We affirm.
In Evans v. State, 625 So.2d 915 (Fla. 1st DCA 1993), the defendant argued that his habitual offender sentences for four counts of aggravated assault on a law enforcement officer were unconstitutional in *651 that they resulted from double enhancements; the defendant argued that the offenses had been reclassified from third-degree to second-degree felonies based on the victims being law enforcement officers, and then again enhanced when the defendant was sentenced as a habitual felony offender. See id. at 916. Appellant essentially raises the same issue here with regard to his habitual offender sentence for battery on a law enforcement officer. In Evans, we relied on the supreme court's reasoning in Gayman v. State, 616 So.2d 17 (Fla.1993), in finding that the substantive offenses in Evans included elements that the victim was a law enforcement officer engaged in the lawful performance of his duties and that the defendant knew the victim was a law enforcement officer in addition to the other elements of aggravated assault. See Evans, 625 So.2d at 916. We concluded that the sentences there had, therefore, only been enhanced once under the habitual offender statute resulting in no double jeopardy violation. See id.
Appellant, however, relies on Oliveira v. State, 751 So.2d 611 (Fla. 4th DCA 1999), which holds that section 784.07, creating the crime of battery on a law enforcement officer, is an enhancement statute rather than a statute which defines separate substantive offenses as we held in Evans. The fourth district, however, has now receded from their opinion in Oliveira. See Spann v. State, 772 So.2d 38 (Fla. 4th DCA 2000)(en banc). In Oliveira, the fourth district had relied on Merritt v. State, 712 So.2d 384 (Fla.1998), in which the Florida Supreme Court held that section 784.07 only defined completed crimes and not attempts, making the defendant's conviction in that case for attempted battery on a law enforcement officer error. See id. at 385. In Merritt, the supreme court, after discussing the statute at issue, stated in what appears to be dicta, "Section 784.07, Florida Statutes (1995), is an enhancement statute rather than a statute creating and defining any criminal offense." Id. The supreme court in Merritt did not, however address the issue now before this court. We, therefore, reject the argument that Merritt is controlling. See also King v. State, 763 So.2d 546 (Fla. 5th DCA 2000) (certifying conflict with Oliveira).
While appellant's status as a habitual felony offender is simply a tool to enhance the offender's sentence, the victim's status as a law enforcement officer is an element of the crime which must be proven beyond a reasonable doubt.
AFFIRMED.
DAVIS, J., concurs; BROWNING, J., concurring in part and dissenting in part with written opinion.
BROWNING, J. concurring in part and dissenting in part.
I concur with the majority as to the first and second issues, but I respectfully dissent as to issue three, because I believe the majority's affirmance effects a double enhancement of appellant's criminal act, which is barred by the principle of double jeopardy.
It is well recognized that a criminal offense cannot be enhanced twice because of the double jeopardy bar. See State v. Crumley, 512 So.2d 183 (Fla.1987). In view of this bar, a determination of whether or not Section 784.07, Florida Statutes (1995), is an enhancement statute, or a statute that creates and defines a separate criminal offense, is essential. If the former, the trial court must be reversed, and if the latter, the trial court must be affirmed. I strongly believe that section 784.07 is an enhancement statute and, therefore, the trial court must be reversed. I primarily base my opinion upon the plain wording of the Florida Supreme Court's ruling in Merritt v. State, 712 So.2d 384 (Fla.1998).
In Merritt the court, when construing whether section 784.07 was an enhancement or a substantive statute, opined that:

*652 Section 784.07, Florida Statutes (1995), is an enhancement statute rather than a statute creating and defining any criminal offense. The plain language of the statute indicates that the legislature enacted section 784.07 in order to increase the penalties for the enumerated crimes of assault, aggravated assault, battery, and aggravated battery for offenders who commit these crimes upon law enforcement officers.
Id. at 385 (emphasis added). Notwithstanding this clear determination, the majority declines to follow it because of its being "dicta." Appellee, on the other hand, asserts that the Supreme Court's "choice of words in Merritt was somewhat careless," and thus, should be disregarded. I believe the determination by the Supreme Court in Merritt meets neither of these descriptions, and the best approach is for this court to follow the plain words of Merritt finding that section 784.07 is an enhancement statute rather than a substantive statute.
"Dicta" is defined in Black's Law Dictionary 454 (6th ed.1990):
Dicta. Opinions of a judge which do not embody the resolution or determination of the specific case before the court. Expressions in court's opinion which go beyond the facts before court and therefore are individual views of author of opinion and not binding in subsequent cases as legal precedent.
The majority's determination that the words used by the court in Merritt constitute dicta is clearly erroneous. There the court was compelled to determine whether section 784.07(c) was an enhancement or a substantive statute, because the defendant was convicted of an attempted battery on a law enforcement officer. As section 784.07 contains no specific reference to an attempted battery of a law officer being a crime, had the court determined that section 784.07 is a substantive statute, see section 777.04, Florida Statutes, the general attempts statute would apply, and the conviction of the defendant of attempted battery would require affirmance. However, since the court found section 784.07 is an enhancement statute, section 777.04 did not apply, and the defendant's conviction was reversed. Because of this context of the case, the court's determination that section 784.07 is an enhancement statute was the very crux of the decision and cannot be logically determined to be "dicta."
Also, I disagree with the hypothesis that the court's choice of words in Merritt was "somewhat careless," as maintained by the appellee and, therefore, should not be followed. I believe the court expressed itself precisely as intended, because it was impelled by the facts to do so. The pertinent language is unambiguous, and if for some reason the court did not mean that section 784.07 is an enhancement statute in the sense it would not be subject to the double jeopardy bar when combined with another enhancement statute, the Supreme Court should make any needed change, and not this court, or the other district courts that have seen fit to "assist" by instructing the Supreme Court what it meant by labeling section 784.07 as an enhancement statute. See King, 763 So.2d at 546; Spann, 772 So.2d at 39. By giving such deference to the Supreme Court, this court will avoid confusion in its application of precedent and more often arrive at the correct result regardless of the outcome of this case.
For these reasons, I would reverse the trial court and remand for resentencing solely under section 784.07, Florida Statutes, because the double enhancement by virtue of the appellant's act against a law officer, and his status as a previous felony offender, would constitute a double jeopardy violation.