813 So.2d 130 (2002)
Joe FUSSELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-5350.
District Court of Appeal of Florida, Second District.
March 1, 2002.
Rehearing Denied March 25, 2002.
*131 KELLY, Judge.
Joe Fussell appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In 1993 Fussell was convicted of aggravated assault of a law enforcement officer and sentenced to fifteen years' prison as a habitual felony offender. Fussell argues that he was sentenced in violation of the double jeopardy clause because his sentence was twice enhanced: first, because the victim was a law enforcement officer, see § 784.07, Fla. Stat. (1991), and second, because Fussell qualified as a habitual felony offender. See § 775.084, Fla. Stat. (1991). As explained below we do not believe that the double enhancement imposed in this case runs afoul of the double jeopardy clause and therefore affirm.
With respect to double enhancements, "the double jeopardy clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Spann v. State, 772 So.2d 38, 39 (Fla. 4th DCA 2000) (quoting State v. Smith, 547 So.2d 613, 614 (Fla.1989)). Thus the question is one of legislative intent. See Smith, 547 So.2d at 614. In addressing a similar issue, the supreme court has concluded that where two enhancement provisions serve different purposes and the legislature has not indicated that the provisions are to be mutually exclusive, both enhancements may be imposed. State v. Whitehead, 472 So.2d 730 (Fla.1985).
We similarly conclude here that the legislature intended that both enhancements be imposed. See King v. State, 763 So.2d 546, 547 (Fla. 5th DCA 2000). The two enhancement statutes at issue serve wholly different purposes. Section 784.07 provides for the reclassification of certain crimes when the victim is a law enforcement officer. Section 775.084 provides for enhanced penalties for persons who qualify, because of prior criminal convictions, as habitual felony offenders. In addition, although section 784.07 does not reference any sentencing provisions, it does relate back to the aggravated assault statute which explicitly refers to the possibility of sentencing under the habitual felony offender statute. See § 784.021 (providing that aggravated assault is a third-degree felony punishable as provided in sections 775.082, 775.083, or 775.084).
We therefore conclude, as have the Fourth and Fifth Districts, that both enhancements may be applied to a single conviction without violating double jeopardy. See Spann, 772 So.2d 38; King, 763 So.2d 546. Cf. Mills v. State, 773 So.2d 650 (Fla. 1st DCA 2000) (finding no double enhancement and hence no jeopardy violation on grounds that section 784.07 is not *132 an enhancement statute),[1]review granted, Mills v. State, 790 So.2d 1105 (Fla.2001).
Affirmed.
FULMER and DAVIS, JJ., Concur.
NOTES
[1] Although we agree with the result reached in Mills, we do not agree with the court's reasoning. In Merritt v. State, 712 So.2d 384 (Fla.1998), our supreme court stated that section 784.07 is an enhancement statute. We cannot agree with the First District's conclusion that the statement is dicta. See Mills, 773 So.2d at 651. Rather we agree with Judge Browning's dissent that the conclusion is central to the holding of Merritt. See id. (Browning, J., concurring in part and dissenting in part).