816 So.2d 680 (2002)
Steven DARST, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
Nos. 5D00-2262, 5D00-2459.
District Court of Appeal of Florida, Fifth District.
March 28, 2002.
*681 James B. Gibson, Public Defender, and Linda L. Gaustad, Assistant Public Defender, Daytona Beach, for Appellant/Cross-Appellee.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee/Cross-Appellant.
PETERSON, J.
Steven Darst appeals the use of a 1.5 multiplier pursuant to section 921.0024(1)(6), Florida Statutes (1999) on his scoresheet for aggravated assault on a law enforcement officer. Darst alleges that the use of the multiplier was improper when his crime was already enhanced by reclassification under section 784.07(2)(c), Florida Statutes (1999). Because he received a downward departure sentence, his minimum mandatory sentence of three years will not be affected by any change to his scoresheet. Nevertheless, he is entitled to a corrected scoresheet although any errors made in the calculation would be harmless. E.g., Poole v. State, 777 So.2d 1186, 1187 (Fla. 5th DCA 2001). The State also appeals Darst's downward departure sentence, but we find no error by the sentencing court.
Section 784.07(2)(c) reclassifies an aggravated assault from a third degree felony to a second degree felony when the assault is directed toward law enforcement officers and certain other officials. Similarly, section 921.0024(1)(b) creates a multiplier of 1.5 if the primary offense is a violation of section 775.0823(10), a statute proscribing an aggravated assault against a law enforcement officer or certain other officials. Darst complains that both are enhancement statutes and that when they were both applied in sentencing him, it rendered his sentence unconstitutional as a violation of the double jeopardy clause of the United States Constitution. See State v. Crumley, 512 So.2d 183 (Fla.1987). Resolution of Darst's claims requires that we determine whether section 784.07(2)(c) creates a substantive offense or enhances a substantive offense.
Much of the confusion in the application of the scoresheet multiplier is a result of the statutory language which created it. Section 921.0024(1)(b)[1] creates a multiplier of 1.5 if the primary offense "is a violation of" section 775.0823(9) or (10).[2] But, *682 section 775.0823 does not set forth specific substantive crimes. See Matthews v. State, 774 So.2d 1, 3 (Fla. 2d DCA) (en banc), rev. denied, 779 So.2d 272 (Fla. 2000). Instead, this statute is a penalty enhancement statute which provides an "increase and certainty of penalty" for crimes committed against law enforcement officers and other specified persons and prescribes a sentence pursuant to the Criminal Punishment Code for aggravated assault as described in section 784.021. See id.; Fla. Stat. § 775.0823(10). Furthermore, penalty enhancement statutes such as this are used to prepare the sentencing scoresheet to sentence the defendant; they are not used by the jury or finder of fact to determine guilt. The intent of section 775.0823 is to impose increased punishment by the use of a multiplier in an effort to protect all law enforcement officers and other government officials charged with enforcing, prosecuting, and judging criminal activity from violent offenses when they are acting in an official capacity.
Section 784.021(1), Florida Statutes (1999), defines aggravated assault as an assault "(a) [w]ith a deadly weapon without intent to kill; or (b) [w]ith an intent to commit a felony." Clearly, section 784.021(1) is a substantive statute creating and defining aggravated assault and makes no mention of especially protecting law enforcement officers.
Section 784.07(2)(c)[3] reclassifies an aggravated assault, presumably as defined in section 784.021, against a police officer, judge, prosecutor, fireman, or EMT, from a third degree felony to a second degree felony. The statute also mandates a minimum mandatory term of imprisonment of three years. See Fla. Stat. § 784.07(2)(c). Florida courts have disagreed as to whether 784.07 is an enhancement statute or a statute which creates and defines a substantive offense.
In Merritt v. State, 712 So.2d 384, 385 (Fla.1998), the supreme court opined that,
The plain language of the statute indicates that the legislature enacted section 784.07 in order to increase the penalties for the enumerated crimes of assault, aggravated assault, battery, and aggravated battery for offenders who commit these crimes upon law enforcement officers. At the time the enhancement statute was enacted, the legislature had created the four enumerated offenses in other statutory provisions.
Other courts have followed the supreme court and have held that section 784.07 is an enhancement statute. See Nelson v. State, ___ So.2d ___, 26 Fla. L. Weekly D2125, 2001 WL 991584 (Fla. 5th DCA Aug.31, 2001); Spann v. State, 772 So.2d 38, 39 (Fla. 4th DCA 2000) (en banc); Mills v. State, 773 So.2d 650, 651-52 (Fla. *683 1st DCA 2000) (Browning, J., concurring in part, dissenting in part); King v. State, 763 So.2d 546, 547 (Fla. 5th DCA), rev. denied, 779 So.2d 271 (Fla.2000); Light v. State, 667 So.2d 437, 438 (Fla. 2d DCA 1996). Clearly, a person who commits an aggravated assault against a law enforcement officer under 784.07(2)(c) is subject to an enhanced penalty by having the offense reclassified.
However, section 784.07(2)(c) could also be interpreted as creating a substantive offense because it contains the element of knowingly committing the act of aggravated assault on a law enforcement officer. Thus, section 784.07 contains one more element than section 784.021, which defines aggravated assault. Two other appellate courts have determined that 784.07(2)(c) does create and define the substantive offense of aggravated assault on a law enforcement officer. See Matthews v. State, 774 So.2d 1, 2 (Fla. 2d DCA) (en banc), rev. denied, 779 So.2d 272 (Fla.2000) (indicating that "[s]ection 784.07 is a specific offense dealing with assault or battery on a law enforcement officer"); Mills v. State, 773 So.2d 650 (Fla. 1st DCA 2000); Evans v. State, 625 So.2d 915, 916 (Fla. 1st DCA 1993) (section 784.07(2)(c) "actually creates a separate substantive offense consisting of the elements of aggravated assault plus the added elements that the victim was a law enforcement officer engaged in the lawful performance of his duties and that the defendant knew the victim was a law enforcement officer"). The Mathews court does not appear to have been presented with a double jeopardy argument, although Mills met the issue squarely. The Mills majority discussed the supreme court's pronouncement in Merritt, supra, that section 784.07 was an enhancement statute but dismissed it as dicta. Judge Browning dissented, choosing to follow the supreme court's pronouncement that section 784.07 was an enhancement statute. We believe that the dissent was correct and recognize conflict with Mills.
Darst is entitled to relief because his scoresheet was enhanced twice-first when his crime of aggravated assault on a law enforcement officer was reclassified from a third to second degree felony and second when the 1.5 multiplier was applied under section 921.0024 for a violation of 784.021 by committing aggravated assault against a law enforcement officer. As long as different purposes are being served by the enhancements or the elements causing the enhancement are not the same, multiple enhancements are allowed. See State v. Whitehead, 472 So.2d 730 (Fla.1985); see also Spann, 772 So.2d at 39 (affirming sentence as a Prison Release Reoffender and reclassification under section 784.07). Double enhancements are only allowed if two different harms are addressed by each enhancement. In the instant case, both enhancements arose from the fact that the victim was a law enforcement officer and, therefore, constituted an impermissible double enhancement.
We grant Darst's request and remand only for correction of his scoresheet. We affirm his conviction and sentence and certify conflict with Mills v. State, 773 So.2d 650 (Fla. 1st DCA 2000).
AFFIRMED; REMANDED for correction of scoresheet; CERTIFY CONFLICT.
THOMPSON, C.J., and SAWAYA, J., concur.
NOTES
[1] Section 921.0024(1)(b) provides:

Law enforcement protection: If the primary offense is a violation of the Law Enforcement Protection Act under s. 775.0823(2), the subtotal sentence points are multiplied by 2.5. If the primary offense is a violation of s. 775.0823(3), (4), (5), (6), (7), or (8), the subtotal sentence points are multiplied by 2.0. If the primary offense is a violation of s. 784.07(3) or s. 775.0875(1), or of the Law Enforcement Protection Act under s. 775.0823(9) or (10), the subtotal sentence points are multiplied by 1.5 (emphasis added).
[2] Section 775.0823, entitled "Violent offenses committed against law enforcement officers, correctional officers, state attorneys, assistant state attorneys, justices, or judges", states in pertinent part:

Any provision of law to the contrary notwithstanding, the Legislature does hereby provide for an increase and certainty of penalty for any person convicted of a violent offense against any law enforcement or correctional officer ... which offense arises out of or in the scope of the officer's duty as a law enforcement or correctional officer,... as follows:
* * *
(10) For aggravated assault as described in s. 784.021, a sentence pursuant to the Criminal Punishment Code.
[3] Section 784.07, entitled "Assault or battery of law enforcement officers, firefighters, emergency medical care providers, public transit employees or agents, or other specified officers; reclassification of offenses; minimum sentences", states in relevant part:

(2) Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer, a firefighter, an emergency medical care provider ... while the officer, firefighter, emergency medical care provider ... is engaged in the lawful performance of his or her duties, the offense for which the person is charged shall be reclassified as follows:
* * *
(c) In the case of aggravated assault, from a felony of the third degree to a felony of the second degree. Notwithstanding any other provision of law, any person convicted of aggravated assault upon a law enforcement officer shall be sentenced to a minimum term of imprisonment of 3 years.