822 So.2d 1284 (2002)
Gayson MILLS, Petitioner,
v.
STATE of Florida, Respondent.
No. SC01-68.
Supreme Court of Florida.
June 20, 2002.
*1285 Nancy A. Daniels, Public Defender, and Joel Arnold, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Petitioner.
Robert A. Butteworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Douglas T. Squire, Assistant Attorney General, Tallahassee, FL, for Respondent.
LEWIS, J.
This case is before us for review of Mills v. State, 773 So.2d 650 (Fla. 1st DCA 2000). The basis for our exercise of jurisdiction is apparent conflict with Wright v. State, 586 So.2d 1024 (Fla.1991). See art. V, § 3(b)(3), Fla. Const. Upon further analysis, as discussed infra, we conclude that the apparent conflict arises in statutory construction, and that, when the proper construction is made, the appearance of conflict is resolved.

ANALYSIS
The petitioner, Gayson J. Mills, was sentenced to six years in prison as a habitual felony offender for battery on a law enforcement officer. The First District Court of Appeal, in a split decision, affirmed Mills's sentence. See Mills v. State, 773 So.2d 650 (Fla. 1st DCA 2000). In rejecting Mill's argument that his habitual felony offender[1] sentence violated double jeopardy, the majority declined to find controlling this Court's statement in Merritt v. State, 712 So.2d 384, 385 (Fla. *1286 1998), that the statute for battery on a law enforcement officer is an enhancement statute, classifying such as "dicta." The dissent opined that Merritt precluded a habitual felony offender sentence, because battery on a law enforcement officer was already an enhancement, and double enhancement was barred by double jeopardy. This timely petition for review followed.
In Merritt, we held that section 784.07, Florida Statutes (1995)[2] (providing for reclassification of offenses and minimum sentences for assault or battery of law enforcement officers, firefighters, emergency medical care providers, public transit employees or agents, or other specified officers) did not apply to the offense of attempted battery of a law enforcement officer. See id. at 385 ("We agree that section 784.07(2), Florida Statutes (1995), does not include the offenses of attempted battery or attempted aggravated assault. Thus, neither attempted battery nor attempted aggravated assault can be reclassified based upon section 784.07(2)."). In so doing, we explained:
Section 784.07, Florida Statutes (1995), is an enhancement statute rather than a statute creating and defining any criminal offense. The plain language of the statute indicates that the legislature enacted section 784.07 in order to increase the penalties for the enumerated crimes of assault, aggravated assault, battery, and aggravated battery for offenders who commit these crimes upon law enforcement officers. At the time the enhancement statute was enacted, the legislature had created the four enumerated offenses in other statutory provisions.

Id. (emphasis supplied). We concluded in Merritt that section 784.07 contained "no enhancement or reclassification of penalties for the offense of attempted commission of the enumerated offenses; therefore, attempted assault and attempted battery as well as attempted aggravated assault and battery of a law enforcement officer are nonexistent offenses." Id. (emphasis supplied).
Mills appears to conflict with Merritt because of our statement in Merrittalbeit in the context of determining that section 784.07 did not create the substantive offenses of attempted assault, attempted battery, or attempted aggravated assault and battery of a law enforcement officerthat section 784.07 "is an enhancement statute rather than a statute creating and defining any criminal offense." 712 So.2d at 385. This statement was germane to resolution of the issue before us at that time, and was, therefore (as Judge Browning observed in a separate opinion below),[3] not technically "dicta." However, *1287 as reflected in the language of the statute itself, section 784.07 operates as a reclassification statute. While the statute does not, in and of itself, create new offenses separate from those to which it makes reference, it does more than provide for minimum sentences applicable to those offenses; it also reclassifies the enumerated offenses based upon the status of the victim. Cf. Wright v. State, 586 So.2d 1024, 1030-31 (Fla.1991) (observing that "[s]ection 784.07 of the Florida Statutes (1985), which defines the substantive offense [of battery upon a law enforcement officer], requires as an essential element of proof that the victim was in fact a law enforcement officer" (citing Fla. Std. Jury Instr. (Crim.) 93)); Grinage v. State, 641 So.2d 1362, 1369 & n. 3 (Fla. 5th DCA 1994) (assuming, without deciding, that section 784.07(3) creates a new substantive offense), approved, 656 So.2d 457 (Fla.1995); Carpentier v. State, 587 So.2d 1355 (Fla. 1st DCA 1991) (analyzing the "offense described" in section 784.07(3), Florida Statutes (Supp.1988), in determining that the statute was not unconstitutionally vague). Thus, although in Merritt we characterized the statute as an "enhancement statute" to emphasize that it resulted in greater penalties for already-enumerated offenses which qualified under the statute, rather than itself creating new offenses, there is a qualitative difference between a statute which reclassifies enumerated offenses committed against law enforcement officers and enhancement statutes such as the habitual offender statute, "which cut across some or all criminal statutes." State v. Brown, 476 So.2d 660, 662 (Fla. 1985) (holding that a penalty could not be enhanced under section 775.087(1) for a crime in which the use of a deadly weapon was an essential element, because that statute by its express terms did not apply to such felonies). As section 775.084 itself reflects, the Legislature has exempted certain offenses from the ambit of the habitual felony offender statute, as demonstrated by its partial exclusion of felonies committed pursuant to section 893.13, Florida Statutes (relating to the purchase or the possession of a controlled substance). See § 775.084(1)(a)(3), Fla. Stat. (2001) (specifically exempting those convicted of "purchase or possession of a controlled substance," pursuant to section 893.13, Florida Statutes, from a habitual offender sentence); see also Wilson v. State, 752 So.2d 1227 (Fla. 5th DCA 2000) (observing that section 812.014(2)(d), Florida Statutes (1991)which had previously provided that sentencing for felony petit theft was required under section 775.082 (general criminal penalties), section 775.083 (criminal fines) or section 775.084 (habitual offenders) was amended, and the reference to section 775.084 (habitual offenders) was deleted). We conclude that the Legislature did not intend felony convictions pursuant to section 784.07 to be so excluded.
Consistent with this legislative intent, offenses which are thus reclassified as felonies pursuant to section 784.07 qualify as felony offenses for purposes of habitual felony offender status, and such treatment does not offend double jeopardy. Here, there was a single underlying offense; the single offense was charged, submitted to a jury, and proven beyond a reasonable doubt. Cf. King v. State, 763 So.2d 546 (Fla. 5th DCA 2000) (observing that, although there "is a logical argument to be made that battery on a law enforcement officer is a separate crime from battery," *1288 this Court's statement in Merritt that section 784.07 is an enhancement statute "should be adhered to by the lower courts," but this did not preclude the Fifth District's holding that King could be sentenced pursuant to both section 784.07 and section 775.084), review denied, 779 So.2d 271 (Fla.2000). Contrary to the petitioner's contention, the First, Second, Fourth and Fifth Districts have held that it is proper, and not proscribed by double jeopardy principles, to sentence a defendant convicted of a crime pursuant to section 775.087 to an enhanced sentence under a recidivist sentencing scheme for which (considering the section 775.087 conviction) the defendant qualifies. See Brown v. State, 789 So.2d 366 (Fla. 2d DCA) (applying prison releasee reoffender statute), review denied, 796 So.2d 535 (Fla.2001); Mills v. State, 773 So.2d 650 (Fla. 1st DCA 2000) (applying habitual felony offender statute); Spann v. State, 772 So.2d 38, 39-40 (Fla. 4th DCA 2000) (applying prison releasee reoffender statute); King v. State, 763 So.2d 546 (Fla. 5th DCA 2000) (applying habitual felony offender statute); cf. also Grant v. State, 770 So.2d 655, 658 (Fla.2000) (approving imposition of a concurrent prisoner releasee reoffender sentence with longer habitual felony offender sentence); Jackson v. State, 659 So.2d 1060, 1063 (Fla.1995) (holding that a defendant could receive a minimum mandatory sentence for possession of a firearm to run concurrently with a habitual felony offender sentence for offenses occurring within a single criminal episode); Perez v. State, 772 So.2d 577, 577 (Fla. 1st DCA 2000) ("Also, we do not find that a double jeopardy violation occurred upon imposition of a habitual violent felony offender sentencing following the reclassification, pursuant to section 784.07, Florida Statutes (1997), of appellant's attempted robbery offense for use of a firearm."). The Court's decision in State v. Whitehead, 472 So.2d 730, 732 (Fla.1985), is instructive in this regard.
In Whitehead, the defendant was convicted of second-degree murder with a firearm. The issue addressed by this Court was whether it constituted an improper double enhancement to apply both section 775.087(1) (providing that, when a person commits a felony with a firearm, the sentence is to be reclassified one category higher) and section 775.087(2) (providing, at that time, for a minimum mandatory sentence of three years for the possession of a firearm during the commission of the enumerated felonies in the statute). In holding that the application of both statutes was not an improper double enhancement, the Court explained:
Determination of punishment for crimes is a legislative matter. Because the legislature has provided both these subsections, both are to be followed. Absent an indication from the legislature that these subsections are an either/or proposition, both subsections will be followed.
472 So.2d at 732; see also State v. Smith, 547 So.2d 613, 614 (Fla.1989) (quoting from Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), in which the United States Supreme Court stated that "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended").
As applied to this case, in the absence of a contrary legislative intent, the two statutory provisions in question should be read in pari materia. See generally State v. Fuchs, 769 So.2d 1006, 1009 (Fla. 2000) (observing that "statutes which relate to the same or closely related subjects should be read in pari materia"). "Although the legislature may direct that statutes be read in pari materia, the absence of that directive does not bar such a reading." *1289 Holmes County School Board v. Duffell, 651 So.2d 1176, 1179 (Fla.1995) (allowing injured school board employee to maintain action against coworker as well as against school board by reading section which allowed a public or private employee to sue a fellow employee when each was operating in furtherance of the employer's business and when they were assigned to unrelated tasks in pari materia with section which provided that the exclusive remedy for damages inflicted by an employee of the state shall be an action against the governmental entity even though neither statute contained reference to the other); see generally American Bakeries Co. v. Haines City, 131 Fla. 790, 180 So. 524, 528 (1938) ("Laws should be construed with reference to the constitution and the purpose designed to be accomplished, and in connection with other laws in pari materia, though they contain no reference to each other."), cited with approval in Miami Dolphins, Ltd. v. Metropolitan Dade County, 394 So.2d 981, 988 (Fla.1981). Here, the Legislature has made the offense of battery, which is otherwise a misdemeanor, a third-degree felony when the victim is a law enforcement officer. See § 784.07(2)(b), Fla. Stat. (Supp.1998). In section 775.084, the Legislature has also authorized increased sentences for defendants who qualify as habitual felony offenders. Thus, the imposition on a qualifying defendant of one sentence under the habitual felony offender statute for the crime of battery on a law enforcement officer is proper, and not violative of double jeopardy. Indeed, if a conviction pursuant to section 784.07 were not treated as a qualifying offense under section 775.084, this would, in effect, nullify the clear legislative expression of intent to treat battery on a law enforcement officer as a felony.
As the respondent correctly observes, our decision in State v. Crumley, 512 So.2d 183 (Fla.1987), does not compel a different result. In Crumley, the issue was "whether a defendant can be separately convicted and sentenced for the offenses of aggravated battery and battery on a law enforcement officer when both are predicated on a single underlying act." 512 So.2d at 184. Crumley had been found guilty of two separate counts of aggravated battery and battery on a law enforcement officer based upon a single criminal act. This Court determined that the defendant could not be convicted of two separate crimes which addressed the same "evil" and were based upon a single offense. Id. at 184.
Here, in contrast, there is only one punishment being imposed for a single offense. That offense is reclassified as a felony pursuant to section 784.07, and therefore constitutes a qualified offense under section 775.084. As reasoned by the Fifth District in King:
[Section 775.084] was enacted to cause persons who are repeat offenders to be treated differently from those who are not. The statute defines who should be sentenced as an habitual felony offender, an habitual violent felony offender, or a violent career criminal and allows the court to "impose an extended term of imprisonment." Without question this statute seems to use "enhancement" language but the statute also can be interpreted as defining the status of the defendant not at all unlike the felony petit theft defendant. In Gayman v. State, 616 So.2d 17 (Fla.1993), [Note 1] our supreme court recognized that one who is found guilty by a jury of petit theft, and is also found to have been at least twice before convicted of petit theft, is guilty of a felony and the punishment may be further enhanced by a habitual felony offender statute where appropriate. It is our determination to analogize the felony petit theft statute, section 812.014(3)(c), with section 775.084 because *1290 a similar procedure is used in classifying and sentencing the felony petit theft defendant as is used in classifying and sentencing the repeat offender sentenced pursuant to section 775.084. If a person steals $5.00 he is guilty of petit theft (misdemeanor) and if it is proven that the person committed theft at least twice before, it is a felony and then can even be habitualized says our supreme court. It logically follows that if a person commits a battery (misdemeanor) and the victim is a law enforcement officer it is a felony and he gets a greater sentence. But if that defendant is a repeat offender, then he, like the repeated thief, is a person to be treated differently on account of his past behavior and is subject to receive different, more severe, treatment. We believe that it is the intent of the legislature to impose the harsher treatment on this appellant and others like situated and that it does not work an unconstitutional double punishment to do so.
[Note 1] We note that the holding of Gayman has been superseded by statute, see Wilson v. State, 752 So.2d 1227 (Fla. 5th DCA 2000), but that does not preclude using Gayman as we do here.
763 So.2d at 547-48. As correctly observed in King, under these circumstances, we conclude that double jeopardy concerns do not apply. Cf. also Vucinich v. State, 776 So.2d 995 (Fla. 5th DCA 2001) (affirming appellant's ten-year habitual offender sentence, and rejecting his argument that "his conviction for felony driving without a license, which resulted from the enhancement of the misdemeanor charge of driving without a license to a third degree felony due to his prior suspensions, was improperly further enhanced when the trial court declared him to be an habitual offender," thereby violating double jeopardy principles).
Based upon the foregoing discussion, the apparent conflict between Mills and Merritt is resolved. Accordingly, we approve the First District's decision in Mills to the extent consistent with this opinion.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, and PARIENTE, JJ., concur. QUINCE, J., dissents.
NOTES
[1] Section 775.084, Florida Statutes (Supp. 1998), provides, in pertinent part:

775.084. Violent career criminals; habitual felony offenders and habitual violent felony offenders; definitions; procedure; enhanced penalties or mandatory minimum prison terms.
(1) As used in this act:
(a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in paragraph (4)(a), if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses.
2. The felony for which the defendant is to be sentenced was committed:
a. While the defendant was serving a prison sentence or other sentence, or court-ordered or lawfully imposed supervision that is imposed as a result of a prior conviction for a felony or other qualified offense; or
b. Within 5 years of the date of the conviction of the defendant's last prior felony or other qualified offense, or within 5 years of the defendant's release from a prison sentence, probation, community control, control release, conditional release, parole or court-ordered or lawfully imposed supervision or other sentence that is imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later.
3. The felony for which the defendant is to be sentenced, and one of the two prior felony convictions, is not a violation of s. 893.13 relating to the purchase or the possession of a controlled substance.
4. The defendant has not received a pardon for any felony or other qualified offense that is necessary for the operation of this paragraph.
5. A conviction of a felony or other qualified offense necessary to the operation of this paragraph has not been set aside in any postconviction proceeding.
[2] Section 784.07, Florida Statutes (Supp. 1998), provides in relevant part:

784.07. Assault or battery of law enforcement officers, firefighters, emergency medical care providers, public transit employees or agents, or other specified officers; reclassification of offenses; minimum sentences.
. . . .
(2) Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer ... while the officer ... is engaged in the lawful performance of his or her duties, the offense for which the person is charged shall be reclassified as follows:
. . . .
(b) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.
(Emphasis supplied.)
[3] In light of this Court's particular choice of words in Merritt, it is further understandable that Judge Browning, in "giving ... deference to" the "plain wording of the Florida Supreme Court's ruling in Merritt" would be prompted to bring to our attention the fact that the panel majority's conclusion that section 784.07 was not "an enhancement statute in the sense it would not be subject to the double jeopardy bar when combined with another enhancement statute," Mills, 773 So.2d at 652 (Browning, J., concurring in part and dissenting in part), appeared to be contrary to this Court's holding in Merritt.