925 So.2d 438 (2006)
J.S., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-1555.
District Court of Appeal of Florida, Fifth District.
April 7, 2006.
James S. Purdy, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
J.S. appeals his juvenile delinquency disposition order. Concluding that J.S. was improperly adjudicated delinquent on the non-existent crime of attempted battery on a law enforcement officer, we reverse and remand for resentencing for the crime of attempted battery and for entry of a new disposition order.
J.S. was adjudicated delinquent on two separate charges: attempted battery on a law enforcement officer[1] and grand theft auto.[2]
*439 On appeal, J.S. challenges his adjudication of delinquency and his disposition order claiming that the trial court committed error by adjudicating him delinquent on the nonexistent crime of attempted battery on a law enforcement officer. We agree.
In Merritt v. State, 712 So.2d 384 (Fla.1998), the supreme court held that section 784.07 of the Florida Statutes, which enhances the punishment for committing assault, aggravated assault, battery and aggravated battery committed against law enforcement and other specified public officers, does not create new substantive offenses and, by its plain language, does not apply to "attempts" to commit the enumerated crimes. The court explained:
The enhancement statute contains no enhancement or reclassification of penalties for the offense of attempted commission of the enumerated offenses; therefore, attempted assault and attempted battery as well as attempted aggravated assault and battery of a law enforcement officer are nonexistent offenses.
Id. at 385.
The State argues that the supreme court has since determined that section 784.07 is a reclassification statute, and thus creates a substantive crime of attempted battery on a law enforcement officer, citing to Mills v. State, 822 So.2d 1284 (Fla.2002). However, a close reading of Mills reveals that the supreme court reiterated its position that section 784.07 of the Florida Statutes is an enhancement statute which reclassified enumerated offenses committed against law enforcement officers rather than a statute creating new criminal offenses. See Mills, 822 So.2d at 1286-1287.
Other recent cases have also held that attempted assault, battery or aggravated assault on one of the enumerated individuals set forth in section 784.07 of the Florida Statutes are non-existent crimes. See Moore v. State, 924 So.2d 840, 2006 WL 12960 (Fla. 4th DCA January 4, 2006)(holding attempted aggravated assault on a law enforcement officer is not a crime in Florida); W.T.D. v. State, 906 So.2d 333 (Fla. 4th DCA 2005)(holding sentence enhancement statute did not create offense of attempted battery on school employee, and thus minor's adjudication of delinquency should have been based on finding that minor committed attempted battery).
Accordingly, J.S.'s adjudication of delinquency on the non-existent crime of attempted battery on a law enforcement officer is reversed and the trial court is directed to hold a new disposition hearing and re-sentence J.S. for the crime of attempted battery. See W.T.D. v. State, 906 So.2d 333 (Fla. 4th DCA 2005)(remanding the case with instructions for the trial court to enter an adjudication of delinquency based upon a finding that W.T.D. committed attempted battery and, consequently, to hold a new disposition hearing).
J.S.'s other claims of error raised on appeal are without merit.
REVERSED and REMANDED.
PLEUS, C.J. and SAWAYA, J., concur.
NOTES
[1] §§ 784.07(2)(b); 777.04, Fla. Stat. (2004).
[2] § 812.014, Fla. Stat. (2004).