FUSSELL, CARROLL W., Associate-Judge.
The plaintiff below appeals from an order of the lower court granting defendant’s, motion for a new trial in a negligence action where the jury returned a verdict in-favor of the plaintiff and against the defendant for $150,000.00 damages. Motion; for directed verdict was made by the defendant at the conclusion of all testimony, and also later after the jury had returned its verdict. Thereafter, within ten days,, further motion was made by the defendant, to set aside the verdict and to enter judgment in accordance with defendant’s motion for directed verdict, or in the alternative, to enter motion for new trial.
The lower court found that the verdict-, was against the manifest weight of the evidence and that the jury must have been influenced by considerations outside the record, and thereupon granted defendant’s motion for a new trial.
The facts in this case come solely and entirely from the plaintiff, as no evidence-whatsoever was offered by the defendant..
No question or finding by the lower court, as to excessiveness of the verdict is made, and since the facts are uncontroverted the sole question for decision by this court is as to liability.
The undisputed evidence shows that the-defendant had constructed two model homes-along the highway in its subdivision adj a-cent to each other and operated its business, for a time in one of these homes. Thereafter an office building was constructed back of this model home and a circular shell driveway was constructed around such model home to and from the highway and in front of the newly constructed office building. The entire lands in this sub *27 -division were apparently of soft native Florida sand in its natural state. The •only entrance to the office building was in ■the front through a plate glass panel door with a concrete slab in front of the door.
Between the concrete slab and the circular ■shell driveway there was about four or five feet of soft Florida sand level with ■the slab and the driveway.
The plaintiff drove his employer’s truck • on the premises and stopped on the circular ■driveway for the purpose of making delivery of building materials. He had delivered -materials to the defendant before, but not since the new office building had been ■constructed. Plaintiff admitted that he saw ■the sand and was looking where he was .■going; that he had lived in Florida about five or six years and knew you could slip •in soft sand if you were not careful. He ■.made two or three steps towards the slab ■from the driveway and his feet sank a short ■distance in the sand. On making the sec•■ond or third step, however, but before ■reaching the concrete slab, his foot sank ■four or five inches and he fell forward into The glass panel door, breaking it with his •arm and suffering serious injury.
The sole legal question apparently presented by these facts is as follows:
Is the owner of a residential construction business guilty of actionable negligence and liable in damages to a business invitee who is injured when he falls ■while crossing four or five feet of clearly ■visible Florida soft sand in its natural ■state between an improved circular shell ■driveway and the front of the owner’s •office building?
The appellant has cited many cases, a large number of which are against municipalities, holding the store owner or the city responsible in damages for defective conditions, failure to repair bad lighting, etc., in connection with the store property’s entrances, highways and streets, but none of which cover the factual situation as indicated in this case. Likewise, no cases have been cited by the appellee covering the factual situation involved here, and considerable research has failed to locate • a case involving-a fairly similar factual condition.
TIlere are fome feneraI statements of law, however, which might be of some assistance in aidinS ^ court in deciding the question involved in this case.
The following appears in 30 Am.Jur., Negligence, Section 96, page 774:
“§ 96. Generally. — Generally speaking, the fact that a person who enters upon the premises of another does so at the invitation of the owner or occupant gives him a more favored position in respect of the care to be accorded him by the owner or the occupant than that to which one who enters by the mere sufferance of the owner or occupant is entitled. The rule is that an owner or occupant of lands or buildings, who directly or impliedly invites others to enter for some purpose of interest or advantage to him, owes to such persons a duty to use ordinary care to have his premises in a reasonably safe condition for use in a manner consistent with the purpose of invitation, or at least not to lead them into a dangerous trap or to expose them to an unreasonable risk, but to give them adequate and timely notice and warning of latent or concealed perils which are known to him but not to them.”
Id., Section 97, page' 757:
“§ 97. Knowledge of Danger.- — -The liability of an owner or occupant to an invitee for negligence in failing to render the premises reasonably safe for the invitee, or in failing to warn him of dangers thereon, must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. The owner is liable to invited persons for injuries ‘occasioned by the unsafe condi *28 tion of the land or its approaches, if such condition was known to him and not to them, and was negligently suffered to exist, without timely notice to the public or to those who were likely to act upon such invitation.’ ” (Emphasis supplied.)
The following appears in 65 C.J.S. Negligence § 74, at page 964:
“The owner of a piece of land in its natural condition is generally not accountable for physical results due to extraordinary or ordinary forces of nature, as long as he has not interfered with the natural conditions, but when he undertakes to make artificial changes he may become liable for his negligence, if any.”
Attention is called at this time to the fact that there was no evidence of any foreign or slippery matter on the sand, of any litter, debris or obstacle on it, of any hole or other hidden defect, of any marker or other outlines for a pathway, or of any shell, rocks, cement or other substance to harden or improve the same, nor was there any evidence of any change made by the defendants or anyone to alter the sand in its natural state. Also, there is no evidence that the defendant knew of any dangerous condition in connection with this sand strip, other than was known to and actually seen by the plaintiff. Also, there is no evidence of or contention that any ordinance or statute existed which required the defendant to construct the entrance of its property in any particular manner or which made it illegal for the defendant to have soft Florida sand in its natural state in front of its office building.
It is the opinion of this court that under these facts there was no actionable negligence or liability on the part of the defendant and in favor of the plaintiff shown by the undisputed facts in this case.
The lower court is, therefore, affirmed; with direction, however, to enter its order sustaining defendant’s motion for directed verdict non obstante veredicto, in lieu o£ the order entered by the lower court granting motion for new trial.
ALLEN, C. J. and SHANNON, J., concur.