223 So.2d 108 (1969)
Donald A. GIFFORD, Appellant,
v.
GALAXIE HOMES OF TAMPA, INC., a Corporation, Appellee.
No. 68-249.
District Court of Appeal of Florida. Second District.
May 14, 1969.
Rehearing Denied June 16, 1969.
*109 John R. Parkhill and Ralph Steinberg, Tampa, for appellant.
William T. Keen, of Shackleford, Farrior, Stallings & Evans, Tampa, for appellee.
HOBSON, Judge.
Plaintiff-appellant, Donald A. Gifford, appeals a final summary judgment entered in favor of defendant-appellee in plaintiff's action for personal injuries.
This appeal marks the second appearance of this cause before this court. The first appearance was in Gifford v. Galaxie Homes of Tampa, Inc., Fla.App. 1967, 194 So.2d 25. On conflict certiorari the Supreme Court of Florida reviewed our opinion. See Gifford v. Galaxie Homes of Tampa, Inc., 204 So.2d 1. A discussion of these two cases would not be material to this appeal as the questions presented herein for our determination were not before this court or the Supreme Court on the prior appeals.
After this cause returned to the trial court following the previous appeals, a pretrial conference was held at which the attorneys for plaintiff and defendant stipulated that the trial court could consider the prior record established in the first trial in disposing of the defendant's motion for summary judgment. At this hearing plaintiff proffered new and additional testimony of his expert witness, a general contractor named Ferlita, whose qualifications were not challenged by the defendant. The trial court ruled that such proffered testimony was inadmissible and entered summary final judgment against the plaintiff.
The plaintiff, by his complaint brought an action for damages for personal injuries against the defendant, Galaxie Homes of Tampa, Inc., for its failure to provide a safe approach to defendant's office building. The facts herein are without dispute since the defendant offered no testimony at the original trial of this cause and stipulated at the hearing on defendant's motion for summary judgment that the trial court could consider the case for disposition on the prior record established in the first trial.
On September 22, 1964, the plaintiff, an eighteen-year-old employee of a hardware and building material distributor drove his employer's truck to the defendant's premises for the purpose of delivering building materials to defendant, a residential home construction business.
The premises of the defendant consisted of two model homes facing the highway with another one-story structure to the rear of one of the model homes used as defendant's office building. A hard-surfaced circular shell driveway ran from the highway around the rear of the model home in front of the office building. The office building was constructed by defendant in April or May of 1964, after the construction of the model homes in front.
In between the shell driveway and the front and only entrance (a paneled sheet glass door) to defendant's office building, there existed approximately four feet of *110 soft uncompacted sand level with a concrete slab which preceded the door.
Plaintiff stopped the truck on the driveway, got out of the truck with a delivery slip in his hand, walked a few feet on the hard-surfaced shell driveway, and then walked two or three steps on the soft sand. His right foot sank about five inches in the soft sand immediately in front of the concrete slab causing him to fall forward toward the paneled sheet glass door of the office building. He threw his right hand out to prevent his head from going through the glass door and his right arm went through a glass panel. As a result, plaintiff's right arm was so severely injured that he has lost the use of it.
The plaintiff had never gone to this office building before, but he had made deliveries to defendant prior to this occasion at the model home in front, which had been previously used as defendant's office.
Plaintiff saw the soft sand, and was looking where he was going. His foot sank a little bit as he took his first steps on the soft sand but not to the great extent it had when he stepped immediately in front of the concrete slab.
It is without dispute for the purposes of the summary judgment proceeding that it was not the soft sand alone that produced the injury. This is made clear by the plaintiff's testimony as follows:
"Q Would you tell the jury what happened to that foot when it sunk?
"A My toe struck the cement block or slab, and threw me forward."
The plaintiff's complaint charged the defendant with negligence in carelessly failing to construct a walkway to the front door of defendant's office building, and in allowing the approach to the entrance to be of soft sand, and therefore unsafe.
Defendant's answer denied negligence and alleged contributory negligence.
Appellant has presented two points on this appeal for our determination. They are:
I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR A SUMMARY JUDGMENT.
II. THE TRIAL COURT ERRED IN RULING THAT THE PROFFERED TESTIMONY OF THE EXPERT WITNESS FERLITA WAS INADMISSIBLE.
We will consider these points in reverse order, as the answer to point two necessarily controls the answer to point one.
It should be recalled here that the plaintiff's complaint alleged negligence on the part of the defendant for its failure to provide a safe approach to its office building. This then was the central issue as to defendant's negligence. In other words, was the approach to the office safe or not?
It was plaintiff's theory as concerns defendant's negligence, that the defendant should have placed stepping stones or some other sort of cover over the tricky and treacherous sand in order to render the approach to the entrance of its office building safe. To support this theory plaintiff proffered the testimony of Mr. Ferlita, a general contractor, as an expert witness. His testimony was in effect that the approach to the office building was not constructed nor maintained according to reasonably safe construction standards in the community and that the defendant should have placed stepping stones over the sand.
As previously stated, upon motion for summary judgment, the lower court ruled that such testimony was inadmissible. This was error.
In Millar v. Tropical Gables Corp., Fla. App. 1958, 99 So.2d 589, the appellant was *111 at a race track and in order to go out and watch the approaching race it was necessary that she ascend a ramp 20 feet long which led up to a concrete platform. Beyond this concrete platform there was a descent down to the track. From the record it appeared that appellant had no prior knowledge that there was a step at the beginning of the descent to the track and that she assumed that there was a ramp similar to the one by which she had ascended to the platform. Upon descending she stepped into space and was injured when she fell to the ground. At the trial of the case the testimony of experts was offered "for the alleged purpose of establishing that the area in which the appellant was injured was not constructed and maintained according to reasonably safe construction and engineering standards." Based on the evidence adduced at that trial the following hypothetical question was posed:
"`Now, based on the facts that I have given you and your examination of the photographs, all of the photographs which you have seen there, in your opinion was the area described constructed and maintained according to reasonably safe construction and engineering standards of this community?'"
The above question was objected to as requiring the experts to express an opinion as to the ultimate fact in issue between the parties, to-wit, the appellee's negligence.
The court in Millar through Judge Horton held on pages 590 and 591:
"In the instant case, the appellees have conceded the qualifications of the two witnesses whose testimony was proffered by the appellant. Their testimony would be helpful in order to determine whether the premises were constructed and maintained in accordance with reasonably safe construction and engineering standards. These witnesses would be subject to cross-examination by the appellees and to rebuttal testimony by equally competent engineers and architects. There would be no duty on the jury's part to accept these two experts' testimony as proof of the ultimate fact of negligence on the part of the appellees. If the jury found that the facts on which the appellant's hypothesis or theory is based were not proved, the answers of the experts would necessarily fall with the hypothesis. See 13 Fla.Juris., Evidence, § 314; Baker v. State, 30 Fla. 41, 11 So. 492; Escambia County Elec. Light & Power Co. v. Sutherland, 61 Fla. 167, 55 So. 83; Mutual Ben. Health & Accident Ass'n v. Bunting, 133 Fla. 646, 183 So. 321.
"There is considerable authority for the lower court's ruling in excluding the testimony of the two experts as an invasion of the province of the jury, but we feel that the present trend of authority is to make no distinction between evidential and ultimate facts as subjects of expert opinion. See North v. State, Fla. 1952, 65 So.2d 77 at pages 87, 88; 20 Am. Jur., Evidence, § 782, p. 654. It is still the sole province of the jury to accept or reject the testimony of the expert witness, regardless of how respectable and qualified that witness may be, and the jury is in no wise bound by the expert's conclusions, any more than it is bound by the testimony of any other witness. This theory has been cited with approval and further explained in II Wigmore on Evidence, 3d Ed., § 673, p. 795.
"When the relationship between the parties is considered, together with the particular negligence alleged and the testimony that was sought to be tendered to the jury through the two expert witnesses, we feel that it was error for the lower court to have excluded their testimony and directed a verdict for the appellees, and we are not convinced that such was harmless error. It thereupon follows that the judgment of the lower court is reversed and the cause is remanded for a new trial."
*112 In the case sub judice, Mr. Ferlita, appellant's expert, had the following hypothetical question posed to him:
"Now, assume that the approach or entranceway of an office building consisted of a hard surface driveway followed by approximately four feet of soft sand, then followed by a concrete slab approximately four feet wide leading to a glass panel door of an office building.
"Assuming these facts, do you have an opinion as to whether or not the area described was constructed and maintained according to the reasonably safe construction standards in this community?"
His proffered testimony in answer to the above hypothetical question was to the effect that the approach to the office building was not constructed or maintained according to reasonably safe construction standards in the community.
As demonstrated by the Millar case, supra, such testimony is admissible and if not admitted it will not be considered harmless error.
While the entry of summary judgment for the defendant may have been proper under the prior record of the first trial and absent the testimony of the expert witness Ferlita, such entry of summary judgment for the defendant on the facts herein, when considered in the light of the proffered testimony of the expert witness Ferlita, is improper as the issue of defendant's negligence, if any, creates a genuine issue of material fact to be determined by a jury.
The summary judgment entered by the lower court is reversed and the cause remanded for further proceedings.
LILES, C.J., and McNULTY, J., concur.