PER CURIAM.
Appellant Paul Balkcom was convicted by a jury of burglary of a dwelling, battery on a law enforcement officer, and resisting an officer with violence. He was sentenced to fifteen years imprisonment due to his designation as a prison releasee reoffender. He argues that the Prison Releasee Reoffender Punishment Act, section 775.082, Florida Statutes (1997) (“Act”), is an unconstitutional violation of the Florida Constitution’s separation of powers clause and the single subject requirement. He further argues that his convictions for battery on a law enforcement officer and resisting an officer with violence violate double jeopardy prohibitions. This court has concluded that the Act does not violate the separation of powers clause or the single subject requirement. See Woods v. State, 740 So.2d 20 (Fla. 1st DCA), review granted, 740 So.2d 529 (Fla.1999); Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999). This court and the Florida Supreme Court have determined that dual convictions of battery on a law enforcement officer and resisting an *1057 officer with violence do not violate double jeopardy principles. See State v. Henriquez, 485 So.2d 414 (Fla.1986); Larkins v. State, 476 So.2d 1883 (Fla. 1st DCA 1985). We therefore affirm appellant’s convictions but, as in Woods, we certify the following question as one of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
AFFIRMED.
JOANOS, MINER and DAVIS, JJ., CONCUR.