789 So.2d 949 (2000)
Paul C. BALKCOM, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-127.
Supreme Court of Florida.
July 5, 2000.
Nancy A. Daniels, Public Defender, and Phil Patterson, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Petitioner.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, FL, for Respondent.
LEWIS, J.
We have for review Balkcom v. State, 747 So.2d 1056 (Fla. 1st DCA 2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
The petitioner challenges his sentence under the Prison Releasee Reoffender Act (the "Act") on several grounds, many of which have been previously addressed by opinions of this Court. See Grant v. State, 770 So.2d 655 (Fla.2000) (rejecting an ex post facto challenge to the Act and holding that the Act violates neither the single subject rule for legislation nor principles of equal protection); McKnight v. State, 769 So.2d 1039 (Fla.2000) (holding that a defendant has the right both to present evidence to prove that the defendant does not qualify for sentencing under the Act and to challenge the State's evidence regarding the defendant's eligibility for sentencing as a prison releasee reoffender); State v. Cotton, 769 So.2d 345 (Fla.2000) (holding that the Act does not permit a "victim veto" which would violate a defendant's due process rights by precluding application of the Act in some instances but not others, as well as holding that the Act is not void for vagueness and does not constitute a form of cruel or unusual punishment); Ellis v. State, 762 So.2d 912 (Fla.2000) (recognizing that publication in the Laws of Florida or the Florida Statutes gives all citizens *950 constructive notice of the consequences of their actions).
Petitioner also asserts entitlement to relief pursuant to the United States Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, (2000). First, the petitioner did not properly preserve the issue for appellate review. Even if it were, we hold that an argument for relief under Apprendi lacks merit here. In Apprendi, the Supreme Court stated:
Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.
120 S.Ct. at 2362-63. The petitioner now asserts that because sentencing under the Act requires that a defendant "commit[], or attempt[ ] to commit" any of an enumerated list of crimes "within 3 years of being released from a state correctional facility operated by the Department of Corrections or a private vendor," § 775.082(9)(a)(1),[1] Fla.Stat. (Supp.1998), the reasoning in Apprendi requires that a defendant's release be proved to a jury beyond a reasonable doubt. We disagree.
In our view, Apprendi did not overrule the Supreme Court's previous decision in McMillan v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67, (1986). In McMillan, the Supreme Court considered a statute which imposed a mandatory minimum sentence in connection with an offense committed while a defendant possessed a visible firearm and held that proof of the possession of the firearm was not required because the possession did not alter the maximum penalty or create a separate offense calling for a separate penalty. The Apprendi Court made clear that it was not overruling McMillan when it stated:
The principal dissent accuses us of today "overruling McMillan." We do not overrule McMillan. We limit its holding to cases that do not involve the imposition of a sentence more severe than the statutory maximum for the offense established by the jury's verdict-a limitation identified in the McMillan opinion itself.
Apprendi, 120 S.Ct. at 2361 n. 13. The Apprendi Court reasoned that the statute addressed in McMillan neither altered the maximum penalty for the crime committed nor created a separate offense calling for a separate penalty. The statute was viewed solely as a limitation upon the sentencing court's discretion to select the penalty within the range already available.
It is our opinion that the Act does not increase the maximum statutory penalty. Here the sentencing court's discretion in selecting a penalty within the statutory range is simply limited. Accordingly, proof to the jury of a defendant's release which subjects a defendant to a sentence under the Act is not required.
We agree with the reasoning of the Fourth District in Kijewski v. State, 773 So.2d 124 (Fla. 4th DCA 2000), review denied, No. SC01-181, 790 So.2d 1105 (Fla. Apr.30, 2001). We hold that Apprendi does not require that the petitioner's release be proved to a jury beyond a reasonable doubt. We also determine that the petitioner's related arguments based on Apprendi are similarly unavailing.[2] Moreover, it is important to note that we have previously reached a similar conclusion in connection with sentencing under *951 another recidivist statute. See Eutsey v. State, 383 So.2d 219, 224 (Fla.1980) (rejecting a petitioner's due process argument that particular facts required for his sentencing under a habitual offender statute were subject to standard of being proved beyond a reasonable doubt to a jury). Accordingly, we approve the decision of the district court to the extent it is consistent with Grant, McKnight, Cotton, and Ellis.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, and PARIENTE, JJ., concur.
QUINCE, J., dissents.
NOTES
[1] Prior to the Act's amendment in 1998, similar language appeared in subsection (8)(a)(1).
[2] We further reject the assertion that relief is warranted under the fundamental error doctrine.