923 So.2d 578 (2006)
Dwayne Edward ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-385.
District Court of Appeal of Florida, Fifth District.
March 24, 2006.
*579 James S. Purdy, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
LAWSON, J.
Dwayne Roberts appeals his convictions and sentences for attempted voluntary manslaughter with a weapon and attempted felony battery with a weapon. Roberts contends that the trial court erred when it failed to grant a motion for mistrial and when it sentenced him under the firearm reclassification statute, and then as an habitual felony offender. We affirm.
Roberts was charged in Osceola County with attempted first-degree murder with a weapon and aggravated battery causing great bodily harm with a weapon, for the stabbing of his ex-girlfriend Gail Barrington. At trial, Ms. Barrington testified in detail about Roberts's attack on her with a knife, outside of her apartment, on April 7, 2004. She was stabbed six times in the chest, requiring open-heart surgery.
A neighbor who had known Roberts for many years witnessed Roberts hit and stab Barrington. Two other eyewitnesses testified to the same facts, identifying Roberts as Barrington's assailant. The State introduced other corroborating testimony, including that of the trauma surgeon who treated Barrington, along with physical evidence of the crime. Upon his arrest, Roberts also made incriminating statements to police officers that were introduced at trial through testimony of the officers who heard him. Roberts told the officers that he knew why he was being arrested and was ready to face the consequences. According to the officers, Roberts told them that "if you do the crime you should have to do the time."
The first issue on appeal relates to a question asked of Roberts during cross-examination. On direct, Roberts testified that although he was at Barrington's house at the time of the stabbing arguing with Barrington, he "just blanked out; just lost it," and had no memory of stabbing Barrington or leaving her apartment. The prosecutor impeached Roberts by questioning him regarding the prior incriminating statements made to police. *580 She then stated: "In fact, Mr. Roberts, we're in trial today because you changed your mind about doing the time; isn't that right?" Defense counsel immediately objected, arguing that the question constituted an improper attempt to disparage Roberts for exercising his constitutional right to a jury trial. The trial court sustained the objection, and instructed the jury to disregard the prosecutor's previous question. The court, however, denied a contemporaneous motion for mistrial. On appeal, Roberts argues that the court committed reversible error by denying the motion for mistrial. We disagree. A mistrial is warranted only when an error is so prejudicial that it vitiates the entire trial. E.g., Randolph v. State, 556 So.2d 808, 810 (Fla. 5th DCA 1990). Here, the trial court correctly concluded that the single question by the prosecutor, even if viewed as a comment disparaging of Roberts's decision to exercise his right to a jury trial, was not so prejudicial as to warrant a mistrial. See Salvatore v. State, 366 So.2d 745, 750 (Fla.1978) (recognizing that the "power to declare a mistrial and discharge the jury should be exercised with great care and should be done only in cases of absolute necessity").
In his second point on appeal, Roberts challenges his sentences on several theories. First, he claims that because the jury did not find that he "actually" possessed the knife, the offenses for which he was convicted should not have been reclassified to higher-level felonies based upon the weapon "reclassification" provisions of section 775.087, Florida Statutes (2005). Section 775.087 provides as follows:
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
(b) In the case of a felony of the second degree, to a felony of the first degree.
(c) In the case of a felony of the third degree, to a felony of the second degree.
In State v. Rodriguez, 602 So.2d 1270 (Fla.1992), the Florida Supreme Court held that the reclassification provision in section 775.087(1) could not be applied using the principal theory. In that case, the state sought to enhance Rodriguez' sentence based upon a co-defendant's use of a firearm. The court relied upon the express language of the statute requiring that "the defendant carries, displays, uses, threatens or attempts to use any weapon," and held that the state could not use the enhancement provisions of the statute to reclassify a defendant's crime on a theory of "constructive or vicarious possession based on the conduct of the co-defendant." Id. at 1272. (emphasis added).
With respect to both offenses for which the jury returned a verdict of guilt in this case, the jury also entered a special verdict finding that "during the commission of this offense, the Defendant DID, carry, use, threaten to use, or attempt to use a weapon." (emphasis in original). Despite the fact that the jury's findings tracked the language of the statute, Roberts argues that "without the jurors specifying whether this was constructive or actual in nature, or whether he was a principal to another, the verdict was insufficient to support reclassification." (emphasis added). We find no merit in Roberts's argument.
*581 In this case, there was no principal instruction given and no evidence of anyone other than Roberts involved in perpetrating the crimes. Therefore, there was no possibility that the jury could have entered its special finding based upon anyone's use of the weapon other than Roberts. The jury expressly found that Roberts carried, used, threatened to use, or attempted to use a weapon in committing both crimes. This is exactly what is required for reclassification of the felonies to higher-level offenses under section 775.087(1). The offenses were, therefore, properly reclassified.
Next, Roberts argues that enhancement of his sentence under the habitual felony offender statute violates the prohibition against double jeopardy. This argument is based upon the misleadingly overbroad maxim that a double enhancement is barred by the principle of double jeopardy, Mills v. State, 773 So.2d 650, 651 (Fla. 1st DCA 2000) (Browning, J., concurring in part and dissenting in part), aff'd, 822 So.2d 1284 (Fla.2002), and the fact that both the firearms reclassification provisions of section 775.087(1) and the habitual felony offender provisions of section 775.084 have been labeled as sentencing enhancement statutes. See Kearse v. State, 876 So.2d 1291 (Fla. 5th DCA 2004) (noting that the state intended to seek felony habitual offender enhancement of defendant's sentence);[1]Maxwell v. State, 803 So.2d 815, 818 (Fla. 5th DCA 2001) (noting that the weapons use statute is an enhancement statute). Contrary to Roberts's argument, however, there are circumstances in which more than one sentencing enhancement can be applied without violating double jeopardy. As explained in Fussell v. State, 813 So.2d 130, 131 (Fla. 2d DCA 2002):
With respect to double enhancements, the double jeopardy clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. Spann v. State, 772 So.2d 38, 39 (Fla. 4th DCA 2000) (quoting State v. Smith, 547 So.2d 613, 614 (Fla.1989)). In addressing a similar issue, the supreme court has concluded that where two enhancement provisions serve different purposes and the legislature has not indicated that the provisions are to be mutually exclusive, both enhancements may be imposed. See State v. Whitehead, 472 So.2d 730 (Fla. 1985).
Using this analysis, it is clear that there is no double jeopardy prohibition against applying a habitual offender enhancement to a felony already reclassified under section 775.087(1). Each statute serves a distinctly separate purpose. One seeks to punish individuals for using weapons to aid in the commission of a crime. The other seeks to punish repeated criminal conduct. Because the Legislature has not indicated that the provisions are to be mutually exclusive, it is presumed that the Legislature intended both enhancements to be imposed. Fussell, 813 So.2d at 131; see also Mills, 822 So.2d at 1288 (noting in the absence of a contrary legislative intent, the two statutory provisions in question should be read in pari materia).
*582 Finally, Roberts challenges his habitual felony offender classification by claiming that the judicial fact-finding required by section 775.084 violates a defendant's Fifth, Sixth, and Fourteenth Amendment rights to: (1) notice in the charging document, (2) proof beyond a reasonable doubt, (3) confrontation, and (4) trial by jury trial, in light of Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). While recognizing that our supreme court has rejected these same constitutional challenges to Florida's habitual felony statute in Gudinas v. State, 879 So.2d 616 (Fla. 2004), Roberts argues that the prior convictions exception is no longer valid in light of Shepard. We disagree. Our supreme court has consistently ruled that the habitual offender statutes meet constitutional muster. Gudinas, 879 So.2d at 619. Nothing in Shepard changes this analysis.
AFFIRMED.
THOMPSON and SAWAYA, JJ., concur.
NOTES
[1] We would note, however, that section 775.087(1) is also regularly discussed as a "reclassification" statute. See Stoute v. State, 915 So.2d 1245 (Fla. 4th DCA 2005); Davis v. State, 884 So.2d 1058 (Fla. 2d DCA 2004); Perry v. State, 858 So.2d 1270 (Fla. 1st DCA 2003). Although our supreme court's opinion in Mills v. State, 822 So.2d 1284, 1288-89 (Fla.2002) seems to place some importance on the proper labeling of a statute (whether an "enhancement" provision or "reclassification" provision) in its double jeopardy discussion, the opinion ultimately rests its analysis on legislative intent.