976 So.2d 660 (2008)
Enoch Eugene DINKENS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-2893.
District Court of Appeal of Florida, First District.
March 13, 2008.
Nancy A. Daniels, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.
ROBERTS, J.
In this direct criminal appeal, the defendant, Enoch Dinkens, seeks review of his conviction for sexual battery upon a mentally defective person and his sentence as a habitual felony offender. The defendant argues that the trial court erred in allowing the State's psychologist to opine that the victim was not capable of appraising the nature of her conduct or of giving knowing, voluntary, and intelligent consent to intercourse. The defendant also argues that section 775.084, Florida Statutes (2006), the habitual felony offender statute, violates his right to a trial by jury. We disagree and affirm.
Admission of the Psychologist's Opinions as to Whether the Victim was "Mentally Defective" and Capable of Consent
Section 794.011(4)(e), Florida Statutes (2006), provides that a person who commits sexual battery upon a person of 12 years of age or older without that person's "consent" commits a first-degree felony when the victim is "mentally defective" and the offender has reason to believe this or has actual knowledge of this fact. Section 794.011(1)(a), Florida Statutes (2006), provides that "`[c]onsent' means intelligent, knowing, and voluntary consent and does not include coerced submission. `Consent' shall not be deemed or construed to mean the failure by the alleged victim to offer physical resistance to the offender." Section 794.011(1)(b), Florida Statutes (2006), provides that "`[m]entally defective' means a mental disease or defect which renders a person temporarily or permanently incapable of *661 appraising the nature of his or her conduct."[1]
The defendant asserts that the psychologist's opinions were inadmissible because they applied a legal standard to a set of facts. In support of his argument, the defendant cites to Gurganus v. State, 451 So.2d 817 (Fla.1984), and Town of Palm Beach v. Palm Beach County, 460 So.2d 879 (Fla.1984). In Gurganus, a criminal case, the court affirmed the trial court's exclusion of two psychologists' opinions as to whether the defendant's actions were closer to a "depraved mind" than to a premeditated plan. 451 So.2d at 821. The court found that, by asking such a question, defense counsel was essentially attempting to elicit the psychologists' opinions as to whether the defendant committed second-degree or first-degree murder. Id. at 821-22. The court also found that such a conclusion was a legal one and, as such, was an issue to be determined by the jury. Id.
In Town of Palm Beach, a local government taxation case, the court held that, although it is proper to allow an expert to opine as to whether certain benefits were received by a municipality and as to the importance of potential or unquantified benefits, it is improper to allow an expert to opine as to whether a particular benefit is "real and substantial." 460 So.2d at 882. The court used Gifford v. Galaxie Homes of Tampa, Inc., 223 So.2d 108 (Fla. 2d DCA 1969), as an illustration of this principle. In Gifford, an action for negligent construction, the court held that it was proper to allow an expert to opine as to whether the premises were constructed and maintained according to reasonably safe construction and engineering standards. Id. at 111. The Town of Palm Beach court noted, however, that it would have been improper to allow the expert in Gifford to opine as to whether the premises were "negligently constructed." 460 So.2d at 882. The court acknowledged that it was "to some degree only a matter of semantics," but found that such an opinion would be a conclusion the jury should determine on its own. Id.
In contrast to the expert opinions discussed in Gurganus and Town of Palm Beach, in the instant case, the psychologist's opinions were not legal conclusions. The psychologist did not opine on the defendant's guilt or innocence. Rather, the psychologist opined only as to whether the victim was "mentally defective" and capable of consent to intercourse. Although the opinions did go to ultimate issues in the case, Florida law expressly provides that an expert witness may render such opinion. Section 90.703, Florida Statutes (2006), provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it includes an ultimate issue to be decided by the trier of fact." Thus, the jury had the power to accept or reject the opinions and was not bound by such.
Notably, in Mathis, we reversed a defendant's conviction for sexual battery on a mentally defective person because the expert was not asked whether the victim was capable of appraising the nature of her conduct. 682 So.2d at 180 ("Of critical importance is the fact that Ms. Bryant was not asked whether, on the date of the alleged sexual battery, the alleged victim *662 was suffering from `a mental disease or defect which rendered her temporarily or permanently incapable of appraising the nature of her conduct.'"). Additionally, in Schimele v. State, the Fourth District affirmed a defendant's conviction for sexual battery on a mentally defective person, holding that the expert's testimony, that the victim was incapable of understanding the nature of his conduct and unable to give a knowing, voluntary, intelligent consent to sexual relations with the defendant, constituted competent, substantial evidence from which the trial court could find that the victim was mentally defective and thus that he did not consent. 784 So.2d 591, 593-94 (Fla. 4th DCA 2001).
The Constitutionality of Section 775.084, Florida Statutes (2006), the Habitual Felony Offender Statute
The defendant asserts that, based upon Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the judicial fact-finding required by section 775.084, Florida Statutes (2006), the habitual felony offender statute, violates his right to a trial by jury. He contends that the requisite findings must instead be made by a jury and supported by proof beyond a reasonable doubt. However, as the defendant concedes on appeal, this argument has been repeatedly rejected by Florida courts. See Gudinas v. State, 879 So.2d 616, 618-19 (Fla.2004); Roberts v. State, 923 So.2d 578, 582 (Fla. 5th DCA 2006); Tillman v. State, 900 So.2d 633, 633-34 (Fla. 2d DCA 2005); Frumenti v. State, 885 So.2d 924, 924 (Fla. 5th DCA 2004); McBride v. State, 884 So.2d 476, 477-78 (Fla. 4th DCA 2004); Saunders v. State, 863 So.2d 458, 459 (Fla. 1st DCA 2004); Graham v. State, 822 So.2d 576, 578-79 (Fla. 1st DCA 2002); Jones v. State, 791 So.2d 580, 581 (Fla. 1st DCA 2001); Saldo v. State, 789 So.2d 1150, 1151 (Fla. 3d DCA 2001); Gordon v. State, 787 So.2d 892, 893-94 (Fla. 4th DCA 2001). Additionally, the habitual felony offender statute is based solely on prior convictions and therefore does not require a jury determination pursuant to Apprendi. See Apprendi, 530 U.S. at 490, 120 S.Ct. 2348 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").
Nevertheless, the defendant argues that, in light of Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), this Court should reevaluate the constitutionality of the habitual felony offender statute. However, the defendant makes no assertions as to what aspect of Shepard would warrant this Court to do so. Additionally, at least one Florida court has recently rejected an argument that the prior convictions exception is no longer valid in light of Shepard. See Roberts, 923 So.2d at 582 ("Roberts argues that the prior convictions exception is no longer valid in light of Shepard. We disagree. Our supreme court has consistently ruled that the habitual offender statutes meet constitutional muster. Gudinas, 879 So.2d at 619. Nothing in Shepard changes this analysis.").
Accordingly, the defendant's conviction and sentence are
AFFIRMED.
BROWNING, C.J., and VAN NORTWICK, J., concur.
NOTES
[1] This definition is analogous to the definition of insanity-a mental infirmity, disease, or defect which renders a person unable to understand the nature and quality of his act or its consequences or incapable of distinguishing right from wrong. See Mathis v. State, 682 So.2d 175 (Fla. 1st DCA 1996). "Florida courts have previously allowed qualified experts to testify as to whether the defendant was or was not sane at the time of the crime." Reynolds v. State, 837 So.2d 1044, 1047 (Fla. 4th DCA 2002).