PALMER, J.
The State appeals Robert Moore’s sentence which was imposed by the trial court after a jury found Moore guilty of committing the crimes of attempted first-degree murder and aggravated battery causing great bodily harm. Moore filed a separate appeal challenging his convictions. The two appeals were consolidated for purposes of appellate review. We find no reversible error with regard to Moore’s convictions. However, determining that the trial court erred in sentencing Moore on the aggravated battery charge we remand for resentencing.
Moore was charged with committing the crimes of attempted first degree murder and aggravated battery causing great bodily harm. Each count of the Information alleged that Moore used a weapon during the commission of the crime. At trial, the jury found Moore guilty of the lesser charge of attempted second-degree murder and aggravated battery causing great bodily harm, with a special finding as to each count that he used a weapon during the commission of the crimes.
At sentencing, the trial court reclassified the attempted second-degree murder charge from a second-degree felony to a first-degree felony based on the jury’s finding that Moore used a weapon during the commission of the crime. However, citing double jeopardy concerns, the trial court refused to reclassify the aggravated battery charge to a first-degree felony, notwithstanding the fact that the jury had made a finding that Moore had used a weapon during the commission of the crime.
Moore claims that he is entitled to receive a new trial because the trial court reversibly erred in allowing the State, during cross-examination, to ask him questions that exceeded the scope of the questions which were asked by his trial counsel during his direct examination. We disagree because the direct examination of Moore by his attorney opened the door to the questions asked on cross-examination.
The State argues that the trial court erred, as a matter of law, by refusing to reclassify Moore’s aggravated battery conviction based upon his use of a weapon during the commission of the crime. We agree.
Because the sentencing issue raised by the State involves a pure question of law, this claim of error is subject to de novo review. Trotter v. State, 825 So.2d 362, 365 (Fla.2002).
Section 775.087 of the Florida Statutes requires trial courts to reclassify a felony conviction for sentencing purposes based upon a jury’s finding that the defendant possessed a weapon at the time the crime was committed:
775.087. Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence
*410 (1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
[[Image here]]
(b) In the case of a felony of the second degree, to a felony of the first degree.
[[Image here]]
§ 775.087, Fla. Stat. (2007).
“The Fifth Amendment’s double jeopardy clause prohibits prosecuting an individual for the same offense after an acquittal, for the same offense after a conviction, and for multiple punishments for the same offense.” Jomolla v. State, 990 So.2d 1234, 1239 (Fla. 3d DCA 2008). Apparently, in refusing to reclassify Moore’s aggravated battery conviction, the trial court concluded that dual reclassification under the facts of this case would constitute “multiple punishments for the same offense.” However, under current double jeopardy analysis, no double jeopardy violation would occur from such reclassifica-tions. To that end, this court’s discussion of double jeopardy in Roberts v. State, 923 So.2d 578, 579-582 (Fla. 5th DCA 2006), is instructive.
In that case, the defendant appealed his convictions and sentences for attempted voluntary manslaughter with a weapon and attempted felony battery with a weapon contending, inter alia, that the trial court erred when it sentenced him under both the firearm reclassification statute and also under the habitual felony offender statute because said sentencing was barred by the principle of double jeopardy. Our court rejected the defendant’s argument, explaining:
Contrary to Roberts’s argument, however, there are circumstances in which more than one sentencing enhancement can be applied without violating double jeopardy. As explained in Fussell v. State, 813 So.2d 130, 131 (Fla. 2d DCA 2002):
With respect to double enhancements, the double jeopardy clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. Spann v. State, 772 So.2d 38, 39 (Fla. 4th DCA 2000) (quoting State v. Smith, 547 So.2d 613, 614 (Fla.1989)). In addressing a similar issue, the supreme court has concluded that where two enhancement provisions serve different purposes and the legislature has not indicated that the provisions are to be mutually exclusive, both enhancements may be imposed. See State v. Whitehead, 472 So.2d 730 (Fla.1985).
Id. at 581.
While it is true that the instant case is factually distinguishable from Roberts (both because this case involves a reclassification, not an enhancement, statute, and because in this case the State was seeking reclassification of two separate convictions), the court’s recognition of the fact that “the double jeopardy clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended” supports the State’s argument that double jeopardy does not pose a bar to dual reclassification *411 in this case because there is no indication in the language set forth in section 775.087 of the Florida Statutes that the Legislature intended to limit the trial court’s application of the reclassification mandate in circumstances where there are multiple convictions arising out of a single criminal episode involving the same weapon. To the contrary, the language set forth in section 775.087 clearly states that “whenever a person is charged with a felony ... and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon ... the felony for which the person is charged shall be reclassified.” The statute’s unambiguous language authorizes trial courts to reclassify all of the defendant’s felony convictions occurring within the same criminal episode regardless of the fact that the defendant’s possession of a single weapon during a single criminal episode constitutes the basis for such multiple reclassifications. See State v. Sousa, 903 So.2d 923, 928 (Fla.2005)(explaining that the fundamental rule of construction in determining legislative intent is to first give effect to the plain and ordinary meaning of the language used by the Legislature). See generally Kelly v. State, 964 So.2d 135 (Fla.2007)(approving the stacking of mandatory minimum sentences through the application of enhancement statutes to all crimes occurring during the same criminal episode).
Accordingly, the trial court erred in denying the State’s request to reclassify Moore’s aggravated battery conviction. As such, said conviction as well as the sentence imposed thereon is vacated and this cause is remanded for the entry of a proper judgment reflecting the first-degree felony status of the aggravated battery conviction and for resentencing in accordance therewith.
AFFIRMED in part; VACATED in part; and REMANDED.
ORFINGER and JACOBUS, JJ„ concur.