EVANDER, J.
We affirm Rogers’ convictions and sentences on 125 counts of possession of child pornography. Although the State’s evidence was certainly not overwhelming, we conclude that it was sufficient to survive Rogers’ motion for judgment of acquittal.
Rogers received a composite sentence of seventy-five years in prison. Given that the 125 child pornographic images were on a single CD-ROM and given that Rogers had no prior felony convictions, one might well conclude that the sentence was unduly harsh. However, we cannot accept Rogers’ argument that his sentence violates the cruel and unusual punishment clauses of the United States[1] and Florida[2] constitutions. See, e.g., Ewing v. California, 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (upholding sentence of twenty-five years to life for theft of golf clubs under California’s “Three Strikes and You’re Out” law); Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (imposition of life imprisonment sentence for trafficking in cocaine did not constitute cruel and unusual punishment notwithstanding defendant’s lack of prior felony convictions); Hutto v. Davis, 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (sentence of two consecutive terms of twenty years’ imprisonment for possession with intent to distribute nine ounces of marijuana and distribution of marijuana was constitutional); Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d *924 382 (1980) (upholding imposition of mandatory life sentence under Texas recidivist statute where defendant’s third felony conviction was for obtaining $120.75 by false pretenses).
Finally, Rogers challenges the admission of an unredacted recording of an approximate one hour conversation between Rogers and his former girlfriend. He argues that the recording includes several improper and prejudicial statements made by the former girlfriend as well as certain inadmissible hearsay. However, no contemporaneous objection was made to the introduction of the recording at trial, and its admission did not constitute fundamental error. These arguments are more appropriately addressed in a post-conviction motion.
AFFIRMED.
ORFINGER, C.J. and TORPY, J., concur.

. Amend. VIII, U.S. Const.

. Art. I, § 17, Fla. Const.