NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOHN C. WINGO,                          )
                                        )
            Appellant,                  )
                                        )
v.                                      )          Case No. 2D14-2653
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
                                        )
_____ )

Opinion filed April 22, 2015.

Appeal from the Circuit Court for
Hillsborough County; Chet A. Tharpe,
Judge.

Paul Horning and Marc F. Plotnick of
Plotnick Law, P.A., St. Petersburg, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa, for
Appellee.


SALARIO, Judge.

        John Wingo challenges the fifteen-year concurrent sentences he received

following his plea of guilty to forty counts of possession of child pornography, all of

which are second-degree felonies pursuant to sections 827.071(5)(a) and 775.0847(2)

and (3), Florida Statutes (2012), when the possession of ten or more images is involved. We affirm his convictions and sentences without further comment, and we write only to correct the scrivener's errors apparent on the face of the written judgment. This judgment includes a chart listing the forty counts to which Wingo pleaded and the seventy similar counts that were "nolle prossed" by the State as part of the plea agreement. Beginning with count one, the chart in the written judgment incorrectly indicates that every other count of the information was charged as a third-degree felony under section 827.071(5)(a), without the additional reclassification of the offense to a second-degree felony pursuant to section 775.0847(2) and (3). The information, the plea form, and the transcript of the plea hearing reflect that Wingo was charged with and entered pleas exclusively to second-degree felonies. Accordingly, we remand for the correction of the written judgment to accurately reflect that each listed charge and conviction is for a second-degree felony under sections 827.071(5)(a) and 775.0847(2) and (3). See McMullen v. State, 145 So. 3d 951, 951-52 (Fla. 2d DCA 2014).

Affirmed; remanded with instructions.


LaROSE and BLACK, JJ., Concur.