NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

HARRY MARTIN WALSH, JR., )
)
        Appellant, )
)
v. )    Case Nos. 2D14-4735
)              2D14-4920
STATE OF FLORIDA, )
)     CONSOLIDATED
        Appellee. )
_____ )

Opinion filed March 4, 2016.

Appeals from the Circuit Court for Sarasota
County; Frederick P. Mercurio, Judge.

Howard L. Dimmig, II, Public Defender, and
Dane K. Chase, Special Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Lisa Martin, Assistant
Attorney General, Tampa, for Appellee.


PER CURIAM.

        Harry Martin Walsh, Jr. appeals his convictions and sentences, totaling

63.5 years in prison, for possession of child pornography.  See §§ 827.071(5)(a),

775.0847, Fla. Stat. (2012).  We have jurisdiction.  See Fla. R. App. P. 9.140(b)(1)(A).

We consolidated these cases for purposes of this opinion.  We affirm on all issues

raised by Mr. Walsh.  We write to discuss section 775.0847, the child pornography

reclassification statute. We also remand for the trial court to correct a scrivener's error in the sentence for case number 2D14-4735.

Pursuant to an open plea of no contest, the trial court convicted Mr. Walsh of ten counts of possession of child pornography (ten or more images) on his home computer in case number 2D14-4735 and seven counts of possession of child pornography (ten or more images) on his business computer in case number 2D14-4920. See §§ 827.071(5)(a), 775.0847. Although the plea involved 170 images of child pornography, law enforcement officers discovered over 3000 pornographic images on Mr. Walsh's home computer.

Section 827.071(5)(a) makes it unlawful

for any person to knowingly possess, control, or intentionally view a photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation which, in whole or in part, he or she knows to include any sexual conduct by a child. . . . A person who violates this subsection commits a felony of the third degree . . . .

The State reclassified Mr. Walsh's offenses pursuant to section 775.0847(2) and (3):

(2) A violation of s. 827.071 . . . shall be reclassified to the next higher degree as provided in subsection (3) if:
(a) The offender possesses 10 or more images of any form of child pornography regardless of content; and
(b) The content of at least one image contains one or more of the following:
    . . . .

    3. Sexual battery involving a child.
    . . . .

(3)(a) In the case of a felony of the third degree, the offense is reclassified to a felony of the second degree.

The State sorted the 170 total images into groups of ten; each group included an image of a sexual battery on a child. The State then charged one count of "possession of child pornography - ten or more images" for each group of ten. The State reclassified each of the seventeen counts to a second-degree felony. Each count, therefore, exposed Mr. Walsh to a statutory maximum sentence of fifteen years. See § 775.082(3)(d).

### Groups of Ten

Mr. Walsh argues that the trial court could not convict him for seventeen separate counts. He contends that section 775.0847 required the State to charge any number of images arising from a single criminal episode totaling ten or more as a single offense. Thus, Mr. Walsh posits that he could not have been convicted for more than one count in each case, and that thus the trial court violated double jeopardy.[1] We disagree.

Under section 827.071(5)(a), "[t]he possession . . . of each such . . . image . . . is a separate offense." (Emphasis added.) Consequently, this is not double jeopardy. The State could have charged each of the 170 images as a separate count. As third-degree felonies, Mr. Walsh would have faced up to 850 years in prison. Section 775.0847 does not constrain the State's charging discretion. Rather, section 775.0847 allows the State to reclassify violations of section 827.071 to second-degree felonies if the offender possesses ten or more images and the content of at least one image contains at least one of the types of images listed in the statute. Id. Read together, the statutes contemplate a possible separate charge for each image and allow

---

[1]Double jeopardy is multiple prosecutions, convictions, or punishments for the same crime. Valdes v. State, 3 So. 3d 1067, 1069 (Fla. 2009).

- 3 -

for upward reclassification if the number of images totals ten or more.  Section 775.0847 does not require the State, as it did here, to limit the charges to one offense per ten images in order to reclassify.  Indeed, the State could have charged Mr. Walsh with 170 second-degree felonies.  As the State pointed out at sentencing, Mr. Walsh benefitted by the State charging only one offense for each group of ten images.

Consecutive Sentencing on Reclassified Offenses

In case 2D14-4735, the trial court sentenced Mr. Walsh to the guidelines minimum sentence of 18.5 years for count one, 15 years consecutive for count two, 15 years consecutive for count three, and 15 years each for counts four to ten concurrent to counts one to three, for a total of 48.5 years.  In case 2D14-4920, the trial court sentenced him to 15 years for each of the seven counts, concurrent to each other and consecutive to the sentences in case 2D14-4735.  His total sentence is 63.5 years.[2] Citing Hale v. State, 630 So. 2d 521, 524 (Fla. 1993), Mr. Walsh argues that his sentences were enhanced and therefore he was not subject to consecutive sentences because the offenses arose from the same criminal episode.  Mr. Walsh preserved this issue for review by filing a timely motion to correct sentencing error.  See Fla. R. Crim. P. 3.800(b).  Declining to extend Hale to this case, the trial court denied the motion. Our review of the trial court's order is de novo.  Kittles v. State, 31 So. 3d 283, 284 (Fla. 4th DCA 2010).

A.  Reclassification and Enhancement Statutes

Mr. Walsh's reliance on Hale is misplaced.  Hale held that for multiple crimes committed during a single criminal episode, upon enhancing sentences for a

---

[2]The State, in case number 2D14-4735, nolle-prossed twenty of the thirty original possession charges.

habitual violent felony offender (HVFO) through mandatory minimums pursuant to section 775.084(4)(b), Florida Statutes (1991), the trial court could not further increase the total penalty by ordering the mandatory minimum sentences to run consecutively. Hale, 630 So. 2d at 525; see also Daniels v. State, 595 So. 2d 952, 954 (Fla. 1992). Enhancements enable the trial judge "to impose a more severe sentence for a convicted offense when certain factual findings have been made." Pethtel v. State, 177 So. 3d 631, 637 (Fla. 2d DCA 2015). The enhancement statute stands separately from the sentencing statute for the underlying crime and allows imposition of a sentence longer than the statutory maximum or mandatory minimum.

In Mills v. State, 822 So. 2d 1284, 1286-87 (Fla. 2002), the supreme court explained the difference between enhancement and reclassification statutes. Enhancement statutes increase the penalties for enumerated offenses defined in other statutory provisions. Id. at 1286; see also Pethtel, 177 So. 3d at 637. Reclassification statutes, on the other hand, do not "create new offenses separate from those to which [they] make[] reference, [but they do] more than provide for minimum sentences applicable to those offenses; [they] also reclassif[y] the enumerated offense[]." Mills, 822 So. 2d at 1287.

The statute in question here, section 775.0847(2), provides that "[a] violation of s. 827.071 . . . shall be reclassified to the next higher degree" under certain statutorily dictated conditions. (Emphasis added.)[3]  As we explained in Pethtel, a

_____

[3]We note that the legislature has enacted numerous reclassification statutes: section 784.07 reclassification of assault or battery to the next higher degree if the victim was a law enforcement officer; section 775.0845 reclassification of almost any offense to the next higher degree where the defendant wore a mask; section 775.085 reclassification of any crime to the next higher degree where the crime was based on prejudice against the victim for race, ethnicity, color, ancestry, national origin, religion,

statute that increases "a criminal conviction from one degree to a higher degree" based on certain factual requirements is a reclassification statute that operates independently from enhancement statutes. 177 So. 3d at 637.[4] Section 775.0847 authorizes the trial court to reclassify a violation of the child pornography statute, section 827.071, when it finds that the requirements of subsections (a) and (b) have been met. In an analogous situation, the Fourth District held in Talley v. State, 877 So. 2d 840, 842 (Fla. 4th DCA 2004), that reclassifying the degree of offenses arising from a single episode under section 784.07 where the victim was a law enforcement officer and then imposing consecutive sentences was legal because section 784.07 is not an enhancement statute.

B. Application of Hale v. State

In Hale, the habitual felony offender statute provided for prison terms longer than the statutory sentencing maximums by increasing total prison time and by adding minimum sentences. 630 So. 2d at 523; see also § 775.084. Had the trial court not found Hale to be an HVFO, it could have imposed his separate sentences for the possession and the sale of cocaine consecutively. Hale, 630 So. 2d at 525. However, section 775.084(4)(b),[5] gave the trial court discretion to enhance Hale's sentence as an

---

sexual orientation, mental or physical disability, advanced age, or homeless status; and section 775.087 reclassification of a felony to the next higher degree if the defendant possessed a weapon during that felony.

[4]Reclassification and enhancement are not mutually exclusive. See, e.g., State v. Whitehead, 472 So. 2d 730, 732 (Fla. 1985) (upholding against a double jeopardy challenge a felony sentence reclassified as one category higher under section 775.087(1) and enhanced pursuant to section 775.087(2)).

[5]Section 775.084, Florida Statutes (1991), provided, in pertinent part, as follows:

HVFO to a prison term not exceeding thirty years per count and to impose a ten-year mandatory minimum sentence.  Hale, 630 So. 2d at 523.  The trial court sentenced Hale to two consecutive twenty-five-year HVFO terms, each with a ten-year mandatory minimum; thus, he would serve a minimum of twenty years in prison.  Id.

In holding that only one HVFO mandatory minimum term could be imposed, Hale "distinguished statutory sentences [for underlying offenses] in which the legislature . . . included a minimum mandatory sentence, such as the sentences for capital crimes,[6] from sentences in which there is no minimum mandatory penalty although one may be provided as an enhancement through the habitual violent offender statute."  Id. at 524.  The supreme court explained that although the legislature intended

> (4)(b) The court, in conformity with the procedure established in subsection (3), may sentence the habitual violent felony offender as follows:
>
>    . . . .
>
> 2. In the case of a felony of the second degree, for a term of years not exceeding 30, and such offender shall not be eligible for release for 10 years.

(Emphasis added.)

[6]Section 775.082, Florida Statutes (1991), provided, in pertinent part, as follows:

> (1) A person who has been convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole unless the proceeding held to determine sentence according to the procedure set forth in s. 921.141 results in findings by the court that such person shall be punished by death, and in the latter event such person shall be punished by death.

(Emphasis added.)

to provide for longer periods of incarceration for repeat felony offenders, the statute lacked the specific legislative authorization for the trial court to both enhance Hale's sentence as a habitual offender and further increase it by ordering that the sentences run consecutively.  Id.[7]

The trial court properly declined to extend Hale to Mr. Walsh's cases. Section 827.071(5)(a) reclassifies the offense; it does not enhance the sentence, the concern addressed in Hale.  The maximum sentence for possession of child pornography, a third-degree felony with a statutory maximum of five years, is increased to fifteen years under section 775.0847(2) "reclassification" where the offender possessed ten or more images.  Mr. Walsh was convicted of separate offenses, and even if the charges arose from the same criminal episode, without reclassification the trial court could have sentenced him separately and consecutively for each image.

<u>The Peculiarity of Computer Child Pornography Offenses</u>

Consecutive sentencing for multiple offenses in a single criminal episode has grave implications for computer child pornography offenses.  The State can charge each image as a separate offense under section 827.071(5)(a).  Thus, for example, up to nine images from the same episode are third-degree felonies subject to consecutive

---

[7]Courts have excluded the prison releasee reoffender (PRR) statute from Hale's purview, holding that it is not an enhancement because it does not increase the possible sentence beyond the statutory maximum.  Hale prohibits consecutive sentencing only where the sentence is already enhanced beyond the statutory maximum.  See Cotto v. State, 139 So. 3d 283, 289 (Fla. 2014); Reeves v. State, 920 So. 2d 724, 726 (Fla. 5th DCA 2006), app'd 957 So. 2d 625 (Fla. 2007).  The PRR statute specifically states the legislative intent to punish PRRs to "the fullest extent of the law."  Cotto, 139 So. 3d at 289 (quoting § 775.082(9)(d)(1), Fla. Stat. (2002), contrasting HFO statute's legislative intent to increase the maximum allowable sentence).

sentencing of a maximum of five years each, leading to a potential sentence of 45 years. In this case, law enforcement officers found more than 3000 images on Mr. Walsh's home computer; the State originally charged him with possession of 300 images in groups of ten for a total of thirty counts. If Mr. Walsh had been charged with and convicted of one count for each of the originally charged 300 images, the trial court would have sentenced him to anywhere from fifteen years total by imposing 300 concurrent sentences to 4500 years by imposing all 300 sentences consecutively.[8] Although this disparity in sentencing ranges may raise concerns over the sentencing discretion of the trial court, the sentences imposed on Mr. Walsh are legal. The sentencing scheme has been authorized by the legislature, the organ of government tasked with defining criminal offenses and prescribing sentences.

Mr. Walsh has not argued that his sentences are cruel and unusual. We note that the Fifth District, in Rogers v. State, 96 So. 3d 922, 923 (Fla. 5th DCA 2012), held that a sentence of seventy-five years' prison for 125 counts of possession of child pornography did not constitute cruel and unusual punishment under the U.S. and Florida constitutions.[9] We cannot say that a 63.5-year sentence for a cache of 170

_____

[8]An example of the low end of this sentencing range is Wingo v. State, 162 So. 3d 1141 (Fla. 2d DCA 2015), where we affirmed the trial court's sentence of only fifteen years, composed of forty concurrent fifteen-year sentences, for possession of child pornography (10 or more images). It was Wingo's first offense, he was sixty-six years old, and an expert testified that he was not likely to reoffend. Id. at 1142. In contrast, Mr. Walsh, who admitted struggling with a child pornography addiction for the last twenty-five years and attended counseling after being accused of molesting his then four-year-old daughter, was sentenced to over sixty-three years.

[9]Solem v. Helm, 463 U.S. 277, 290 (1983), is "[t]he first and only case in which the Supreme Court has invalidated a prison sentence because of its length . . . ." Adaway v. State, 902 So. 2d 746, 749 (Fla. 2005) (citing Erwin Chemerinsky, The Constitution & Punishment, 56 Stan. L. Rev. 1049, 1058 (2004)). The proportionality analysis criteria included "(i) the gravity of the offense and the harshness of the penalty;

- 9 -

pornographic images from Mr. Walsh's computers is unduly harsh.  There can be no question that these crimes traumatize the child victims, and the legislature has expressed its condemnation of such conduct.[10]

<u>Scrivener's Error in Case Number 2D14-4735</u>

The trial court orally pronounced the following sentence in this case:

> [A]s to Count 1, you [will] be sentenced to a period of 220 months in the Department of Corrections.
>
> As to Count 2, I'll sentence you to a consecutive period of 15 years in the Department of Corrections.
>
> As to Count 3, I'll sentence you to a consecutive period of 15 years in the Department of Corrections.
>
> As to all of the remaining counts, the Court will sentence you to a concurrent period of 15 years in the Department of Corrections.

However, the Amended Sentence mistakenly imposes count four consecutively to counts one to three, as follows:

> As To Count 1 . . . TO BE IMPRISONED . . . for a term of 220 MONTHS
> . . . .

_____

(ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions."  <u>Solem</u>, 463 U.S. at 292.  The Court held that Solem's sentence of life imprisonment without parole for writing a bad check for $100 was "significantly disproportionate to [the] crime, and . . . therefore prohibited by the Eighth Amendment."  <u>Id.</u> at 303.

[10]The current national trend is increasing sentences for child pornography.  An Arizona statute <u>requires</u> a consecutive sentence for each image possessed.  Carissa Byrne Hessick, <u>Disentangling Child Pornography from Child Sex Abuse</u>, 88 Wash. U. L. Rev. 853, 862 (2011).  Hessick attributes this trend in large part to a blurring of the distinction between possession of child pornography images and actual physical sexual abuse of children.  <u>Id.</u> at 853.  Advocates of harsher child pornography sentences, which may even exceed sentences for physical child sexual abuse, argue that viewing it increases the risk that the viewer will sexually abuse children and that every viewer of child pornography extends the abuse of the pictured child victims.  <u>Id.</u>

- 10 -

As To Counts 2-10 . . . TO BE IMPRISONED . . . for a term of 15 YEARS
. . . .
COUNT 1 IS CONCURRENT WITH COUNT 4, COUNT 4 IS CONCURRENT WITH COUNTS 5-10 AND CONSECUTIVE TO COUNTS 1-3, COUNT 2 IS CONSECUTIVE WITH COUNT 1, COUNT 3 IS CONSECUTIVE WITH COUNT 2.

We remand for correction of this error.

Affirmed; remanded for correction of scrivener's error.

KELLY, LaROSE, and SLEET, JJ., Concur.