SASSO, J.
Appellant, Jarrod L. Taylor, challenges the judgments and sentences entered upon his convictions of one count of unlawful possession of materials depicting sexual performance by a child (ten or more images) and fifty-five counts of unlawful possession of materials depicting sexual performance by a child. We affirm in all respects and write to address Taylor's argument that his convictions and sentences violate the prohibition against double jeopardy.
The facts relevant to Taylor's double jeopardy argument are straightforward. Taylor was arrested and charged with multiple counts of possession of child pornography. Each count of the information listed a unique file name corresponding to one of the unique images giving rise to the charges. The jury convicted Taylor, as charged, of count one - unlawful possession of materials depicting sexual performance by a child (ten or more images), contrary to section 775.0847(2) and (3)(a), Florida Statutes (2014), a second-degree felony. The jury also convicted Taylor, as charged, of counts three through twenty-one and twenty-three through fifty-eight-unlawful possession of materials depicting sexual performance by a child, contrary to section 827.071(5), Florida Statutes (2014), third-degree felonies.[1] Like the information, each count of the verdict form listed a unique file name. The court sentenced Taylor on each count to a concurrent prison term of 228.75 months.
Taylor argues that all of his convictions must be reversed because his conviction *1090 of count one was predicated on possession of the images charged as counts three through fifty-eight. He contends that permitting the State to utilize other charged offenses to prove count one subjected him to multiple convictions and punishments for the same criminal conduct contrary to the prohibition against double jeopardy. Whether double jeopardy is violated based on undisputed facts is a question of law subject to a de novo standard of review. Armas v. State , 250 So.3d 817, 819 (Fla. 5th DCA 2018).
Both the federal and state constitutions protect an accused from being "twice put in jeopardy" for "the same offense." See Amend. V, U.S. Const. ("No person shall ... be subject for the same offense to be twice put in jeopardy of life or limb ...."); Art. I, § 9, Fla. Const. ("No person shall ... be twice put in jeopardy for the same offense ...."). Even so, "there is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments." Valdes v. State , 3 So.3d 1067, 1069 (Fla. 2009) (citation omitted).
As both the United States Supreme Court and the Florida Supreme Court have observed, "the role of the constitutional guarantee against double jeopardy is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments arising from a single criminal act." Hayes v. State , 803 So.2d 695, 699 (Fla. 2001) (citing Brown v. Ohio , 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) ). When the Florida Legislature provides clear direction as to whether a person may be separately convicted or sentenced for offenses arising from the same criminal transaction, the specific legislative directive controls. See, e.g. , State v. Meshell , 2 So.3d 132 (Fla. 2009) (recognizing legislative intent that distinct acts constituting certain sexual offenses may provide basis for separate convictions and sentences even when committed within single criminal episode). Accordingly, in analyzing Taylor's claim, we must first determine whether the Legislature intended to authorize separate punishments.
Our first (and often only) step in determining what the Legislature intended is to ask what the Legislature actually said in the text of the statute. See Schoeff v. R.J. Reynolds Tobacco Co. , 232 So.3d 294, 313 (Fla. 2017) (Lawson, J., concurring in part and dissenting in part). To that end, section 827.071(5)(a), Florida Statutes (2014), makes it unlawful for any person "to knowingly possess, control, or intentionally view [an] ... image ... he or she knows to include any sexual conduct by a child." That section expressly states that the possession of "each such ... image ... is a separate offense " and provides that a violation constitutes a third-degree felony. § 827.071(5)(a), Fla. Stat. (2014) (emphasis added). Section 775.0847(2), Florida Statutes (2014), provides:
(2) A violation of s. 827.071, s. 847.0135, s. 847.0137, or s. 847.0138shall be reclassified to the next higher degree as provided in subsection (3) if:
(a) The offender possesses 10 or more images of any form of child pornography regardless of content; and
(b) The content of at least one image contains one or more of the following:
1. A child who is younger than the age of 5.
2. Sadomasochistic abuse involving a child.
3. Sexual battery involving a child.
4. Sexual bestiality involving a child.
*1091 5. Any movie involving a child, regardless of length and regardless of whether the movie contains sound.
(Emphasis added). Consequently, the plain language of sections 775.0847(2) and 827.071(5)(a) outlines a clear legislative directive. Read together, those sections authorize a separate charge for each violation of section 827.071(5) and permit the State to reclassify each violation if the offender possesses ten or more images and the statutory criteria set forth in section 775.0847(2)(b) are satisfied. See also State v. Farnham , 752 So.2d 12, 14 (Fla. 5th DCA 2000) ("As a means of discerning legislative intent where the defendant is charged with possession of multiple articles of the same type of contraband, our courts have focused on whether the legislature used the word 'any' or the word 'a' in describing the contraband. If the word 'a' is used, the courts have discerned a legislative intent that each item of contraband be the basis for a separate unit of prosecution ...." (citation omitted) ).
As the Second District observed in Walsh v. State , 198 So.3d 783 (Fla. 2d DCA 2016), section 775.0847 therefore does not require the State to limit the charges to one offense per ten images in order to reclassify, and the State may instead charge the possession of each image as a separate second-degree felony. Id. at 785 (noting that because section 827.071(5)(a) provides possession of each image is a separate offense, "[t]his is not double jeopardy").
Because the plain language of the relevant statutes is clear, we do not resort to an analysis of the factors in section 775.021(4), Florida Statutes, commonly referred to as the Blockburger test,[2] as urged by Taylor. See Kelso v. State , 961 So.2d 277, 281 (Fla. 2007) (stating that if statute itself is "a 'clear statement of legislative intent' with regard to whether convictions and sentences for multiple ... offenses can result from a single criminal transaction, then resort to the analysis outlined in section 775.021(4) of the Florida Statutes... is inappropriate"); Carawan v. State , 515 So.2d 161, 167 (Fla. 1987) ("[T]he only purpose of section 775.021(4) is as an aid in determining the intent behind particular penal statutes when that intent is unclear." (superseded by statute , ch. 88-131, § 7, Laws of Fla., as recognized in Valdes , 3 So.3d at 1071 ) ). Likewise, Taylor's reliance on Gil v. State , 118 So.3d 787 (Fla. 2013), and Ramirez v. State , 113 So.3d 105 (Fla. 5th DCA 2013), is misplaced as the statutes analyzed in those cases lacked the unambiguous legislative directive present in the statutes analyzed here. See Gil , 118 So.3d at 798 (holding that dual prosecutions under section 322.34(2) and 322.34(5) are statutorily and constitutionally prohibited); Ramirez , 113 So.3d at 107 (applying Blockburger test in absence of clear legislative intent).
In sum, the Legislature specifically contemplated the type of charges Taylor received. As a result, his convictions and sentences do not violate the prohibition against double jeopardy.
AFFIRMED.
COHEN and EISNAUGLE, JJ., concur.

Taylor was acquitted of count two and the court vacated his conviction of count twenty-two on double jeopardy grounds because it contained the same file name as count fourteen.

See Blockburger v. United States , 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).